ISAAC W. WEBB *vs.* W. H. FISHER.

Submitted on briefs April 23, 1894. Affirmed June 12, 1894.

No. 8690.

**A single exception to two or more refusals to charge.**

*Held,* that a general exception to the refusal of the court to charge as requested by counsel for defendant, the request embracing three propositions, one of which was clearly unsound, was not well taken.

**Other rulings.**

Other rulings of no particular consequence disposed of.

Appeal by defendant, W. H. Fisher, from an order of the District Court of Polk County, *Gorham Powers,* J., made November 10, 1893, denying his motion for a new trial.

The plaintiff, Isaac W. Webb, by his complaint alleged that between November 1, 1889, and January 23, 1891, he sold and delivered to defendant at his request twenty tons of hay worth $6 per ton and thirty three cords of wood at $3.50 per cord, that defendant paid thereon $36 in work and $23.40 in freight on the wood, but no more, and demanded judgment for the balance, $176.10 and interest. Defendant by answer admitted that he bought and received the wood at $3 per cord and paid the freight, $23.40, and denied that he bought or received the hay. He further alleged that at plaintiff's request he performed labor for plaintiff with men, teams and machinery to the value of $72.60 and offered judgment for the balance, $3. Plaintiff's reply was a general denial.

At the trial December 8, 1892, plaintiff gave evidence tending to prove that he bought of the Great Northern Railway Company the grass standing in 1889, on a quarter section of its land, and that defendant by his agent agreed with plaintiff to cut, cure and stack the hay and have therefor one half of it, that defendant drew away one half of the hay at the time he cut it and in November came and took away the other half. The defendant requested the Judge to charge the jury as follows:

1st. If you find there was no agreement for cutting hay on shares, and none cut for Webb, the claim for hay sold must be disregarded.

2nd. If you find that Webb merely sold the uncut grass, all claim

for hay sold must be disregarded.    3rd. If you find that Webb merely sold all the hay alleged to have been cut by Fisher's men, due allowance must be made for the value of the services required in making the hay.

The settled case then states that, "the Judge refused to so instruct the jury and that defendant duly excepted to the refusal."

The jury returned a verdict for plaintiff and assessed his damages at $104.72.    Defendant moved for a new trial.    Being denied he appeals and assigns errors as follows:

The court erred: 1st. In overruling objections to plaintiff's testifying to the cutting of grass by defendant's employees.    2nd. In refusing defendant's offer to show the value of the grass (or hay) standing and uncut.    3rd. In denying defendant's motion to strike out plaintiff's testimony as to defendant's cutting grass.    4th. In refusing to charge the jury that "If you find that there was no contract for cutting hay on shares and none cut for Webb, the claim for hay sold must be disregarded."    5th. In refusing to charge the jury that "If you find that Webb merely sold the uncut grass, all claim for hay sold must be disregarded."    6th. In charging the jury in substance that in all events the plaintiff is entitled to recover the reasonable value of the hay in stack to the extent of twenty tons.

*F. M. Catlin*, for appellant.

*Wm. Watts*, for respondent.

COLLINS, J.    Under the pleadings in this action, it was clearly competent for plaintiff to show that defendant's men, under the direction of his farm foreman, cut grass for defendant belonging to the plaintiff, made hay thereof and stacked it upon the meadow under an arrangement that, when stacked, plaintiff and defendant should each own half; and the value of the standing grass was immaterial, for that question was not within the issues.    This disposes of the first three assignments of error.

The fourth and fifth assignments relate to the refusal of the court to charge as requested by defendant's counsel.    Their requests embraced three propositions, the last having little or no connection with the first and second.    All were refused, and but one general exception taken to the refusal.    Without doubt, the third proposition was properly rejected, and the counsel does not now claim

to the contrary. So that the general exception is of no avail. Even if this were not the fact, the first proposition, substantially, that the plaintiff could not recover if the jury should find that there was no agreement for cutting the grass on shares, and none cut for plaintiff, was unsound. As to this the court properly charged that if defendant's men were trespassers when cutting, stacking, and carrying the hay away, the plaintiff had a right to waive the trespass, and sue as for hay sold and delivered; and the matters found in the second proposition were fully covered in the general charge.

What has been said above in reference to the charge as to plaintiff's right to waive the trespass disposes of the sixth assignment of error. It has no merit.

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 537.)