JOHN R. MANAHAN v. MARGARET HALLORAN and Others.[1]

December 23, 1896.

Nos. 10,206—(153).

**Appeal—Review—Sufficiency of Evidence.**

Whether or not, when plaintiff rested at the close of his evidence, there was sufficient evidence to sustain a verdict in his favor, will not be reviewed if sufficient evidence for that purpose was afterwards introduced by either party.

[1] Reported in 69 N. W. 619.

**Verdict.**

*Held,* the verdict is sustained by the evidence.

**G. S. 1894, § 5660—Evidence of Party.**

*Held,* it was error, under G. S. 1894, § 5660, to permit a party interested in the result of the action to testify to conversations with a deceased person.

**Competent Evidence.**

*Held,* while evidence that at a certain time the deceased appeared to be afraid, may, under proper circumstances, be competent, the evidence given in this case, that he appeared to be afraid of a certain person, is not, under the circumstances, competent. Neither, under the circumstances, is evidence that he appeared to be under the influence of such person.

Appeal by certain defendants from an order of the district court for Olmsted county, Whytock, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $1,389.12.    Reversed.

*Wells & Hopp,* for appellants.

*M. D. Halloran,* for respondent.

The testimony of Florence Halloran was admissible under the rule in McKillop v. Duluth S. R. Co., 53 Minn. 532, at page 537, 55 N. W., at page 739.    See State v. Ward, 61 Vt. 153, 17 Atl. 483; Bates v. Sharon, 45 Vt. 474; Crane v. Northfield, 33 Vt. 124; McKee v. Nelson, 4 Cowen, 355.

CANTY, J.    Plaintiff's intestate, Andrew Halloran, held three certificates of deposit issued to his order by a certain bank.    On November 17, 1894, he surrendered these three certificates, and had new ones issued by the bank in their place.    One of these new ones was at his request made payable "to the order of himself or Margaret Halloran," another "to the order of himself or Mary Halloran," and the third "to the order of himself or Nora Lynch."    The three persons so named in connection with himself are three of the defendants in this action.    Margaret is the widow of the deceased brother of Andrew, who died some time before Andrew did.    The latter was unmarried, and for more than 20 years prior and up to the time of his death he resided with his brother's family.    Mary Halloran and Nora Lynch are the daughters of Margaret and her said deceased husband.    Andrew kept the new certificates of deposit in his possession in the house of Margaret until some time in December of the same year, and these defendants claim that he then

delivered them to Mary, with instructions to deliver one to her mother, another to her sister, Nora Lynch, and keep the third herself. Andrew died on February 20 following.

Plaintiff brought this action to enjoin the banker from paying the certificates, and to compel the delivery up of the same, or the proceeds thereof, by the other defendants. On the trial before a jury plaintiff had a verdict, and from an order denying a new trial the defendants Margaret, Mary, and Nora appeal.

1. Whether or not, when plaintiff rested at the close of his evidence, there was sufficient evidence to sustain a verdict in his favor, is not now material, because sufficient evidence was afterwards introduced to make the case one for the jury.

2. We are of the opinion that the evidence will sustain a verdict for either party, and that, therefore, as just stated, the verdict is sustained by the evidence.

3. Timothy Halloran, a witness for plaintiff, is a brother and heir at law of the intestate; is interested in the result of this suit; and, under G. S. 1894, § 5660, it was error to permit him, against the objection and exception of defendants, to testify to conversations with the intestate.

4. Some time in December several of the heirs at law expectant, and the defendants Margaret, Mary, and Nora, together with the intestate, had a conference at the house of Margaret as to the disposition which it was claimed that the intestate had made of the certificates of deposit here in question. Florence Halloran, a witness for plaintiff, was one of those present at the conference, and on the trial was permitted, against the objection and exception of defendants, to testify that the intestate appeared to be afraid of Margaret, and under her influence. We are of the opinion that this was error.

Under the rule laid down in McKillop v. Duluth S. R. Co., 53 Minn. 532, 55 N. W. 739, it was competent to ask the witness whether Andrew appeared to be afraid, or in fear of somebody or something. But whether it was Margaret or someone else that he was afraid of, the jury were as competent to infer as the witness. There was no testimony that Margaret made any threats, or did or said anything more than the rest of those present to make him afraid. The statement that he appeared to be under the influence of Margaret was wholly incompetent, at least in the absence of facts and circum-

stances showing why, or showing in what way, that influence was exerted. It does not appear that Margaret made any suggestions to him, or asked him to assent to anything she said, or by look or gesture intimidated him. Nothing bearing on the question appears but the naked assertion that he appeared to be under her influence. The objection to this evidence was that it is incompetent.

The witness John Halloran was also asked if, at this conference, Andrew appeared to be afraid of Margaret, and the additional objection was there made that the evidence is not within the issues. The ruling of the court in overruling this objection is error without prejudice, as the answer merely was that Andrew appeared to be despondent. But, with a view to another trial, we will say that, if the answer had been responsive to the question, the objection would have been well taken, for the reason that all allegations of duress and all allegations intimating undue influence had, at the commencement of the trial, been stricken out of the reply. We will also say, in view of a new trial, that the court, in its charge, made these defendants' rights depend solely on whether the certificates were given to them as a gift inter vivos, and in effect charged the jury that plaintiff is entitled to recover, even though there was a valid and sufficient gift causa mortis.

The order appealed from is reversed, and a new trial granted.