CORDELIA INGALLS v. C. E. OBERG.[1]

November 11, 1897.

Nos. 10,732—(119).

Trial—Amendment of Answer.

>    *Held*, that there was no error in the court's refusing the defendant leave to amend his answer when the plaintiff rested.

Same — Review — Motion to Dismiss — Failure of Evidence — General Exception to Refusal to Charge — Assignment of Error.

>    The following rules applied:
>    First. In reviewing the action of the trial court in denying a motion to dismiss on the ground that the plaintiff had failed to establish a cause of action, an appellate court will consider all the evidence in the case, and affirm the action of the trial court if sufficient evidence was admitted to sustain a verdict for the plaintiff, although not introduced until after the motion.
>    Second. A single general exception to the refusal of the court to charge two or more propositions, one of which is erroneous, is insufficient.
>    Third. An assignment of error that the court erred in granting a new trial, where the motion was made on two or more grounds, is too general to be availing.

Appeal by defendant from an order of the district court for Chisago county, Crosby, J., denying a motion for a new trial after verdict for plaintiff. Affirmed.

*Frank B. Dorothy* and *L. K. Stannard,* for appellant.

The plaintiff entirely failed to make out a cause of action. G. S. 1894, § 1873; Sanford v. Johnson, 24 Minn. 172. If the appellant became a tenant from year to year, then the tenancy could not be terminated by either party except upon due notice, (at common law, six months,) terminating at the end of the year in which the notice

1 Reported in 72 N. W. 841.

is given.   Hunter v. Frost, 47 Minn. 1.   A husband cannot, as his wife's agent or attorney, make a valid lease of her real property. G. S. 1894, § 5534; Sanford v. Johnson, supra.

*P. H. Stolberg*, for respondent.

The appellate court, in reviewing a ruling of the lower court denying a motion to dismiss made at close of plaintiff's case, will examine the whole evidence, and, upon finding testimony sufficient to sustain the verdict, will not disturb the latter, though the necessary evidence is found to have been received after the denial of the motion.   Cole v. Curtis, 16 Minn. 161 (182);   Berkey v. Judd, 22 Minn. 287;   Deakin v. Chicago, 27 Minn. 303.   The trial court is vested with discretion permitting amendments to pleadings.   G. S. 1894, § 5266.   The denial of a motion to amend is not error reviewable by the appellate court, unless it was clearly an abuse of discretion.   White v. Culver, 10 Minn. 155 (192);   City v. Minnesota, 29 Minn. 68.   The allowance of an amendment to a pleading at the trial is within the discretion of the court.   No prejudice being shown, none will be presumed.   Osborne v. Williams, 37 Minn. 507. When a request to charge embraces two propositions, both of which are refused, and but one general exception is taken to the refusal, if either request was properly rejected the general exception is of no avail.   Webb v. Fisher, 57 Minn. 441.   The assignment of error, that the court erred in denying a motion for a new trial, is too general to be available.   Selover v. Bryant, 54 Minn. 434;   Wilson v. Minnesota, 36 Minn. 112;   First National v. Holan, 63 Minn. 525.

MITCHELL, J.[2]

This action was brought in May, 1895, under chapter 84 of the General Statutes of 1894, to recover possession of demised premises from a tenant holding over after the expiration of his term.   The plaintiff alleged a lease for the term of one year, ending April 1, 1895.   The defendant admitted that he was in possession under a lease from the plaintiff, but alleged that the term had not yet expired, and would not expire until the fall of the season of 1895. Hence, under the pleadings, the only issue was when the term of the

[2] BUCK, J., absent, took no part.

lease expired. It appeared from the evidence that defendant first went into possession under a verbal lease for one year, and was to pay as rent a share of the annual crops.

There was a conflict in the evidence as to whether this term of one year commenced in the fall of 1888, or in the spring of 1889; the defendant asserting the former, and the plaintiff the latter. The plaintiff testified that there was a renewal of this lease for another year every subsequent spring up to and including 1894. But it appeared that the business was all transacted for plaintiff by her husband, who died shortly before March 1, 1895; and in her cross-examination she admitted that no new arrangement was made in the springs of 1893 and 1894,—at least, that she had no personal knowledge of any such having been made. The defendant testified that his original term commenced in the fall, and not in the spring, and that "we [meaning himself and the plaintiff, or her husband] had talked it over every fall every year"; that on March 6, 1895, he went to see the plaintiff, to ascertain whether she wished him to stay on the farm the coming season; and that he and plaintiff then and there entered into a new lease for the season of 1895, ending in the fall of that year. He thus planted his right to possession squarely and exclusively on this new lease. The plaintiff testified that she never made any such lease.

When plaintiff rested the defendant moved for a nonsuit on the ground that plaintiff had failed to make out a cause of action. This motion having been denied, the defendant moved for leave to amend his answer by setting up as a defense that he was holding over as a tenant at will for the last two years, and that the term for the last year would not expire until the fall of 1895. This motion was also denied. The proposition of law upon which both motions were based is that if there was no new letting for 1893 and 1894, but defendant was simply permitted to hold over, he thereby became a tenant at will from year to year, and could not be evicted without three months' notice, terminating at the end of a year, under the rule of Hunter v. Frost, 47 Minn. 1, 49 N. W. 327. The rulings on both motions are assigned as error.

The granting or refusing leave to amend the answer was, at most, a matter within the discretion of the court; and, under the circum-

stances, there was certainly no abuse of discretion in refusing it. In reviewing a ruling denying a motion to dismiss on the ground of the insufficiency of the evidence, an appellate court will consider all the evidence in the case, and will affirm the action of the trial court if sufficient evidence was admitted to sustain the verdict, although not received until after the motion. Thus considered the evidence was sufficient to justify a verdict for the plaintiff, and therefore there was no prejudicial error in denying defendant's motion to dismiss.

Assuming, without deciding, that defendant's first and second requests to charge related to matters within the issues, there was no sufficient exception to the refusal of the court to give them. There was only one general exception to the refusal of the court to charge two distinct propositions, the second of which was incorrect, or at least incomplete and misleading. Webb v. Fisher, 57 Minn. 441, 59 N. W. 537. It lacked the essential fact that the holding year by year since 1888 was a holding over without any new arrangement.

An assignment that the court erred in refusing to grant a new trial, where the motion was made on more than one ground, is too general to be available.

Order affirmed.