# EMMA WEIDE v. CITY OF ST. PAUL.[1]

## July 17, 1914.

## Nos. 18,754—(192).

**Defective sidewalk — notice of defect.**

    1. Plaintiff sustained injuries from the giving way of a city sidewalk. There is sufficient evidence that the sidewalk was defective and that the city had constructive notice thereof in time to have repaired it before the accident, and that the defendant was accordingly negligent.

**Directed verdict.**

    2. The validity of chapter 245, Laws 1913, which prohibits the trial court from directing a verdict, is not involved in this case. The court could not properly have directed a verdict, had there been no such statute.

**Damages.**

    3. The damages are not excessive.

Action in the district court for Ramsey county to recover $5,000 for injury to plaintiff received while walking upon a sidewalk in defendant city. The case was tried before Catlin, J., who granted plaintiff's motion to dismiss the action against the defendant insurance company and denied defendant city's motion for a directed verdict in its favor, and a jury which returned a verdict for $3,000 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

    *O. H. O'Neill, John I. Burns* and *William J. Giberson,* for appellant.

    *Wickersham & Churchill,* for respondent.

[1] Reported in 148 N. W. 304.

---

Note.—The question of notice to municipality of claim and cause of injury from defects or obstructions in street is discussed in a note in 20 L.R.A.(N.S.) 757. And upon the validity of the requirement of notice of injury as condition of municipal liability, see note in 36 L.R.A.(N.S.) 1136.

HALLAM, J.

Plaintiff was walking along a cement sidewalk on an unfrequented street in the city of St. Paul. She carried her four months' old child in her arms. Her evidence shows that the tiles gave way beneath her and she fell down an embankment into the adjoining lot,. a distance of six to eight feet, and sustained injuries. The jury returned a verdict for plaintiff for $3,000. Defendant appeals from an order denying its alternative motion for judgment or for a new trial.

1. There is ample evidence of negligence on the part of the city.

The sidewalk was defective. It would not sustain the weight of a pedestrian.

The city was chargeable with notice of the defect. There is no evidence that any officer or employee of the city had actual knowledge of the defect. There is evidence, however, that the walk was close to the edge of an embankment, that the supporting soil, which was of sand and gravel, had fallen away for a considerable distance so that there was a hollow under the walk for almost the width of a paving block, and that this particular condition had existed for two months before the accident. In addition to this, the walk presented a neglected appearance, the blocks were separated with grass and weeds growing up between them. This evidence was sufficient, to warrant the jury in finding that the city had constructive notice of the defect and that, by the exercise of ordinary care in inspection,. the city authorities might have discovered the unsafe condition of the walk in time to repair it before the accident. This settles the question of the city's liability. Miller v. City of St. Paul, 38 Minn.. 134, 36 N. W. 271; City of Wabasha v. Southworth, 54 Minn. 79,. 87, 55 N. W. 818.

2. Defendant assails the constitutionality of chapter 245, p. 336,. Laws 1913 (G. S. 1913, § 7998), which prohibits the trial court from directing a verdict. We are not concerned with this question.. Had there been no such statute the court could not properly have directed a verdict. The statute, therefore, plays no part in the case..

Defendant urges that at the time the motion to direct a verdict was made, plaintiff had made out no cause of action, because the

notice to the city of plaintiff's claim had not been introduced in evidence. This evidence was offered and received before submission of the case to the jury. This obviated any error from the previous denial of the motion. The denial of a motion to dismiss or of a motion for judgment will never be reversed in this court if evidence sufficient to sustain the respondent's case is received at any time during the trial. Cole v. Curtis, 16 Minn. 161 (182); Ingalls v. Oberg, 70 Minn. 102, 72 N. W. 841.

3. It is contended that the damages are excessive. Plaintiff was a married woman, 22 years old, possessed of normal health and strength. Her injury was primarily a nervous shock, but it was admittedly severe. One of defendant's expert physicians testified that at the time of the trial, nearly five months after the accident, plaintiff was suffering from a functional nervous disease and was unable to do any work. On behalf of plaintiff there was evidence that she had suffered from nervous convulsions indicative of major hysteria, epileptiform in character; that she had grave nervous disturbance; that she suffered from dizziness, wasting of flesh, lack of strength, and some pain; that she would probably make a fair recovery, but would be incapacitated for some time to come. It is not easy to measure such damages in money. The amount allowed seems large, but the trial judge saw the plaintiff and heard the testimony and was in much better position than this court is to determine the extent of her injury. He has approved the verdict and we shall not disturb it.

Order affirmed.