## W. C. BUSACK v. VICTOR JOHNSON.[1]

May 14, 1915.

Nos. 19,283—(73).

**Motion to dismiss action — evidence considered on appeal.**

1. Ingalls v. Oberg, 70 Minn. 102, 72 N. W. 841, followed to the effect that: "In reviewing the action of the trial court in denying a motion to dismiss on the ground that the plaintiff had failed to establish a cause of action, an appellate court will consider all the evidence in the case, and affirm the action of the trial court if sufficient evidence was admitted to sustain a verdict for the plaintiff, although not introduced until after the motion."

**Verdict sustained by evidence.**

2. Evidence examined and *held* sufficient to sustain the verdict.

**No error.**

3. Record examined and *held* to contain no prejudicial error.

Action in the district court for Yellow Medicine county to recover possession of certain personal property or for $596.92, the value

1 Reported in 152 N. W. 757.

thereof, and $100 damages. The case was tried before Qvale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $419.17 in favor of plaintiff and that defendant was entitled to the return of three calves or the sum of $63. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*L. D. Barnard* and *Bert O. Loe,* for appellant.

*Ole Hartwick* and *Fosnes & Fosnes,* for respondent.

SCHALLER, J.

The plaintiff claims to be the owner and entitled to the immediate possession of certain personal property, the possession whereof is detained from him by the defendant. He also alleges certain facts showing title in himself, and sets up a demand for the return of the property and a refusal by the defendant. The defendant alleges that the property was purchased from the plaintiff and that the ownership and possession are rightfully in the defendant. The reply denies this.

On the trial, plaintiff introduced evidence tending to show that he had made a contract with the defendant for the sale of the property and that the title and ownership were to remain in the plaintiff until defendant delivered to him good bankable paper.

Defendant introduced evidence tending to show that the agreement was for the letting of a certain piece of land, and for the purchase of the personal property, and that it was one single transaction. That he was to deliver to plaintiff ten notes for $150 each, payable at intervals of six months, which notes were to pay the rent of the farm and for the personal property. The issue was whether the contract was as testified to by the plaintiff or as claimed by the defendant. The case was submitted to the jury on the theory that, if the plaintiff's version of the agreement was correct, then the title to the personal property never passed from plaintiff to defendant, and the plaintiff was still the owner and entitled to the possession thereof; that, if the version of the contract as claimed by the defendant was

correct, then the defendant was the owner and entitled to the possession thereof.

The verdict was for the plaintiff. A blended motion for a judgment notwithstanding the verdict or for a new trial was made and denied. The defendant appeals from the order.

The charge of the court in submitting the issues to the jury is in no way criticized. No exceptions were taken thereto, and no error is assigned thereon. The errors assigned present the questions, first, as to whether or not there is evidence sufficient to sustain the verdict, and, second, whether any prejudicial error was committed by the court in ruling on the admission or exclusion of evidence offered during the trial.

At the close of plaintiff's case, defendant made a motion to dismiss on the ground that plaintiff had failed to make out a case. He assigns the denial of his motion as error. Having opened his case to the jury and produced his testimony, we must hold that the error, if any, is cured, if all the evidence in the case, whether introduced by the plaintiff, or the defendant, was sufficient to sustain the verdict. Cole v. Curtis, 16 Minn. 161 (182); Berkey v. Judd, 22 Minn. 287; Deakin v. Chicago, M. & St. P. Ry. Co. 27 Minn. 303, 7 N. W. 268; Keith v. Briggs, 32 Minn. 185, 20 N. W. 91; McRoberts v. McArthur, 62 Minn. 310, 64 N. W. 903; Manahan v. Halloran, 66 Minn. 483, 69 N. W. 619; Ingalls v. Oberg, 70 Minn. 102, 72 N. W. 841. An examination of the record discloses evidence sufficient, if true, to sustain a verdict in favor of the plaintiff. The jury has passed upon this evidence and found such verdict. The trial court has not disturbed it and we cannot say that it was error.

The other assignments of error relate to rulings on the trial in admitting or excluding testimony. On examination of the record, we cannot say that any prejudicial error was committed by the court in these matters.

Order affirmed.