## GEORGE GORTON MACHINE COMPANY v. PETER GRIGNON, JR.[1]

July 6, 1917.

Nos. 20,350—(175).

**Sale — evidence.**

1. The evidence justified the jury in finding the sale involved in this action to have been between plaintiff as seller and defendant as purchaser.

**Trial — denial of motion to dismiss cured.**

2. Error in denying a motion to dismiss when a plaintiff rests is cured, if the evidence warrants a submission to the jury when both parties rest.

[1]Reported in 163 N. W. 748.

**Cross-examination of witness — rebuttal on redirect examination.**

3. Prior written or verbal statements of a witness, inconsistent with his testimony on the stand, may be brought out in cross-examination; but it is not permissible on redirect to rebut such inconsistent statements by others of a contrary tenor made by the witness on other occasions.

**Assignments of error.**

4. Other assignments of error on rulings at the trial are without merit.

**New trial — misconduct of prevailing party.**

5. It cannot be held that the court erred when denying a new trial for alleged misconduct of the prevailing party.

Action in the district court for St. Louis county to recover a balance of $5,500 upon the purchase price of certain machines. The case was tried before Cant, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $5,684.25. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Leo A. Ball,* for appellant.

*Courtney & Courtney,* for respondent.

HOLT, J.

Action to recover the unpaid purchase price on certain machines alleged to have been sold and delivered to defendant by plaintiff. Verdict for plaintiff. Defendant appeals from the order denying his motion in the alternative for judgment or a new trial.

Plaintiff, a corporation, manufactures and sells machines used in making shells. Defendant in business in Duluth desired such machines and sent a representative to plaintiff's factory at Racine, Wisconsin, to investigate the merits of plaintiff's make, and purchase, if satisfactory. He arrived at Racine on a Sunday, and on the same day made an arrangement to procure 20 machines, which were afterwards made ready, shipped to and received by defendant at Duluth, Minnesota. The agreed price was $12,000, whereof $6,500 was paid,

the balance is represented in the verdict. The defense was that plaintiff had sold the machines to one E. C. Bacon, who in turn sold them to defendant and that he had fully paid for them.

Nothing will be gained by giving a synopsis of the evidence bearing upon the issue whether the sale by plaintiff was to defendant direct or to Bacon. The record is such that the jury could have found either way, without the verdict being subject to even criticism from an appellate court. No complaint is made of the manner in which the learned trial court submitted the issue to the jury. The verdict must therefore stand, unless prejudicial error was made in rulings upon the admission or exclusion of testimony or in refusing a new trial for misconduct of the prevailing party.

We have already said that the evidence made the sale from plaintiff to defendant a jury question. This being so, the error, if any, in denying defendant's motion to dismiss when plaintiff rested, was cured. 3 Dunnell, Minn. Dig. § 9760; Busack v. Johnson, 129 Minn. 364, 152 N. W. 757.

Error is assigned upon the reception in evidence of a criminal complaint sworn to by one Geistman, the representative of defendant who ordered the machines or had the original transaction with plaintiff. The trial developed that Bacon had received $4,500 from defendant on account of these machines which had not been turned over to plaintiff. Geistman was called as a witness by defendant, and gave testimony tending to show the sale by plaintiff to have been to Bacon instead of to defendant. On cross-examination, this criminal complaint, charging Bacon with having embezzled the $4,500 mentioned of defendant's money, was received in evidence. No doubt this was proper cross-examination. It was a prior statement of the witness inconsistent with his statements on the stand, for, if defendant purchased the machines from Bacon, this money paid on the machines belonged to Bacon, and defendant had nothing to say concerning its disposition. Neither was there error in refusing, on redirect, to permit Geistman to testify to what evidence he gave in the preliminary examination had, a month later, after Bacon's arrest under the complaint. Geistman's position in this litigation is sufficiently analogous to that of a party in interest so as to make applicable the rule stated in Marvin v. Dutcher, 26 Minn. 391,

4 N. W. 685, and Ikenberry v. New York Life Ins. Co. 127 Minn. 215, 149 N. W. 292, namely: "An admission by a party against his interest, at one time, cannot be rebutted by proof of a statement made in his own favor at another time." The witness had full opportunity then and there on the witness stand to explain the statements made in the criminal complaint, but, obviously, it is not expedient on redirect to go into statements made at other times for such explanation.

Defendant had called out the conversations between Bacon and Mr. Gorton, plaintiff's president, and cannot well be heard to object to the whole thereof. Moreover, during the course of the trial, testimony was adduced tending to prove that Bacon represented defendant in the transaction; if he did, Gorton could certainly testify to what Bacon said and did therein. Manifestly there was no error in sustaining the objection to this question asked the witness Geistman: "Did you give the plaintiff any order for these machines?" It called for a conclusion which was for the jury.

Error is also assigned upon the court's refusal to grant a new trial for misconduct of the prevailing party. It was claimed that during the trial Mr. Gorton approached one juror in "an affable manner and made an effort to talk to" him, but the juror walked away; and that he was observed talking to another juror in the corridor of the court house. Both the juror and Mr. Gorton admit that some words passed between them but wholly foreign to any issue in the case. In the judgment of the trial court the incident was considered not of sufficient importance to raise a suspicion that prejudice resulted from this failure of the juror and Mr. Gorton to observe the usual proprieties of a trial. We have no reason to question the soundness of the trial court's judgment in this respect.

Order affirmed.