STATE v. HARRY A. BAKER.[1]

November 14, 1924.

No. 24,134.

**No new trial in criminal case when evidence warrants conviction, when.**

1.  In a criminal case a new trial will not be granted for refusal to dismiss when the state rested, if the evidence as finally in warrants the conviction.

**Accused cannot urge error in hypothetical question.**

2.  The defendant is not in position to urge error in a hypothetical question for he omitted, when requested by the court, to point out the elements that were improperly included, and further the record discloses that no prejudice resulted.

**Evidence sufficient to connect accused with the crime.**

3.  The testimony, aside from that of the accomplice, sufficiently connected defendant with the crime charged.

**Charge proper.**

4.  There was no error in the instructions excepted to.

[1]Reported in 200 N. W. 815.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of manslaughter in the first degree, tried in the district court for that county before Montgomery, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Dahl & McDonald* and *Eloi Bauers*, for appellant.

*Clifford L. Hilton*, Attorney General, *Floyd B. Olson*, County Attorney, and *William G. Compton*, Assistant County Attorney, for respondent.

HOLT, J.

Defendant was convicted of manslaughter caused by an illegal abortion, performed by him upon a young woman, and appeals from the order denying a new trial.

Error is assigned upon the refusal of the court to dismiss for lack of proof when the state rested. Defendant did not see fit to rest, but introduced his evidence in defense. In that situation the practice is well settled in civil cases. "The denial of a motion to dismiss or of a motion for judgment will never be reversed in this court if evidence sufficient to sustain the respondent's case is received at any time during the trial." Weide v. City of St. Paul, 126 Minn. 491, 148 N. W. 304; Busack v. Johnson, 129 Minn. 364, 152 N. W. 757. The same rule should obtain in a criminal case. Therefore, if there was a case for the jury when all the evidence was in, error in the ruling is not ground for a new trial or reversal.

The doctor who conducted the autopsy upon the young woman was asked to give an opinion as to the cause of her death, and doing so to base his answer not only upon his own observations but also upon the assumption of the truth of all preceding testimony. Defendant objected on the ground that the question was not a proper hypothetical question upon which to base an expert opinion. To the court's inquiry as to why it was improper counsel said: "Well, it includes in it improper elements for a hypothetical question." Again the court inquired: "Well, what improper elements?" The response was: "Basing it on the testimony of witnesses he

has heard." The witnesses referred to were Anderson, the young man who bargained with and paid defendant to perform the abortion, Meyers, a companion, who first went with Anderson to defendant's office, the physician who was called to attend the young woman a few days after the alleged illegal abortion, and the nurse and pathologist who participated in making a microscopic slide from the matter removed from the uterus of the woman. Very convincingly defendant's counsel points out the impropriety of asking the expert to base an opinion in part on the assumption of the truth of Anderson's and Meyer's testimony. · However, the symptoms and findings testified to by the physician who attended the young woman during her illness and the testimony as to the manner in which the slide was obtained were properly included in the hypothetical question. It was counsel's duty, especially when requested by the court, clearly to point out the objectionable elements. This was not done. But that aside, the error inhering in the question worked no wrong to defendant. His counsel's skilful and searching cross-examination of the two medical experts for the state, who answered the hypothetical questions objected to, clearly brought out that the opinions they expressed were based wholly upon their observations and findings and that part of the preceding testimony proper to be considered by them. It is plain that neither one took Meyer's testimony into account, or Anderson's concerning the employment of defendant to perform the abortion, or the expert opinion elicited from the physician who was called in to attend the woman a few days after the alleged abortion. So in no event can it be said that defendant was prejudiced by the answers to the faulty hypothetical question.

The principal contention is that, laying out of the case the uncorroborated testimony of the accomplice Anderson, the evidence does not sustain the conviction. The proof is ample that the young woman was pregnant, and that a criminal abortion had been performed upon her resulting in death. In other words, the corpus delicti is well established. Is there sufficient evidence, direct or circumstantial, connecting defendant with the crime aside from that of the accomplice? We think there is within the well settled rule as

to corroboration of accomplices that "the corroborating evidence is sufficient if, independently of the testimony of the accomplice, it tends in some degree to establish the guilt of the accused; but it need not be sufficiently weighty, standing alone, to make out a prima facie case." State v. Whitman, 103 Minn. 92, 114 N. W. 363, 14 Ann. Cas. 309. We have the testimony of Meyer that he went with Anderson to defendant's office, of defendant that Anderson brought the young woman to his office; that he examined her for pregnancy; that Anderson besought him to perform an abortion upon her; that he received a check of ten dollars from Anderson, and that a few days after such visit to defendant's office the young woman was found seriously ill suffering from a recent criminal abortion. In defendant's own testimony the jury could find some corroboration, even in the manner of his denial of Anderson's story, and his own version as to the efforts made by him to induce Anderson to marry the woman.

Two instructions are complained of. The one in regard to the necessity of corroboration of the testimony of an accomplice is criticised because it is said the jury could consider Anderson an accomplice only in case it was found that the abortion was performed by defendant. We think this is hypercritical. The instruction was that, if the jury found that an abortion was performed "by the defendant as the state claims," Anderson was an accomplice There was no suggestion in the evidence that any one else had performed any abortion or that Anderson had solicited any one else to perform one. We think an instruction confining an issue to the claims and evidence in the case is not subject to criticism. The other instruction upon which error is assigned reads: "And upon the question of the corroboration of Anderson's testimony the jury has a right to consider the death" of the young woman, "the cause of her death, her pregnancy, if any, and the period of its duration, in connection with all the facts and circumstances, if any, shown or disclosed by the evidence which tend to connect the defendant with causing her death." It is claimed that the woman's death, the cause of her death, and her pregnancy had no legitimate tendency to connect defendant with the crime. In and of itself that is true, but at

the same time, the fact that the defendant was the medical man sought out for relief from pregnancy; that he examined her in that respect; that her death was caused by an abortion performed about the time defendant was solicited to perform it for a consideration, in connection with the check he received and the testimony he gave, were proper items to consider in determining whether defendant had been connected with the crime charged.

The case of People v. Josselyn, 39 Cal. 393, is cited as authority for the contention that, aside from the testimony of the accomplice, the evidence is insufficient to uphold the conviction. The California rule as to the quantum of corroboration of an accomplice is similar to ours. But the statute of that state in respect to the proof upon the charge of abortion provides that no one shall be convicted of that offense "by the testimony of such woman alone." The indictment there was for an attempted abortion by the use of instruments. There was no proof aside from the testimony of the woman "that any attempt was made by any one to produce abortion, or that the miscarriage was the result of any such effort." Here the testimony is convincing that an illegal abortion was performed by some one, and, as stated, the check with the circumstances under which it was given, and the condition of the woman soon after receiving professional attention from defendant point to him as the one who performed it. The jury could so find.

We find no error justifying a reversal of the order denying a new trial.

The order is affirmed.