## ENTERPRISE COMPANY v. JOSEPH P. PFEIFER.[1]

January 7, 1927.

No. 25,641.

**Error in denying motion to dismiss cured.**

1. The error, if any, in denying a motion to dismiss made when plaintiff rests is cured where the evidence at the end of the trial, taken as whole, is sufficient to sustain findings for plaintiff.

**Findings and judgment sustained.**

2. The findings and judgment are sustained by the evidence.

Chattel Mortgages, 11 C. J. p. 725 n. 45.
Trial, 38 Cyc. p. 1560 n. 52.

Defendant appealed from the judgment and order of the district court for Carlton county, Magney, J., denying his motion for a new trial. Judgment and order affirmed.

*G. V. Barron*, for appellant.
*Lewis Severance*, for respondent.

[1]Reported in 211 N. W. 673.

TAYLOR, C.

Defendant purchased certain sawmill machinery from plaintiff in 1918. On February 8, 1921, he gave plaintiff a promissory note payable July 1, 1921, for the balance of $563.50 then due therefor and gave a chattel mortgage upon certain of the sawmill machinery to secure the payment thereof. No part of this indebtedness was paid, and on August 4, 1925, the chattel mortgage was foreclosed and the property included therein was sold by the sheriff at public auction and was bid in by plaintiff for the sum of $400. Plaintiff applied upon the indebtedness the proceeds of the sale less the expense thereof and then brought this action to recover the amount of the debt remaining unpaid. Defendant asserted that the property was worth more than the amount of the mortgage and that plaintiff having bid it in at the sale was bound to bid at least the amount of the mortgage. The court made findings of fact and conclusions of law and directed judgment for plaintiff. Defendant made a motion for amended findings or for a new trial. This motion was denied and judgment was entered on the findings. Defendant appealed from the order denying a new trial and also from the judgment.

1. At the close of plaintiff's case defendant made a motion to dismiss on the ground that plaintiff had failed to prove a cause of action, and the principal claim urged upon this appeal is that the refusal to grant this motion was error for the reason that plaintiff had failed to present evidence of the value of the property or that it had been bid in for a fair price. But the trial proceeded to a final conclusion on the merits and the refusal to dismiss when plaintiff rested, if error, was cured if the evidence at the end of the trial, taken as a whole, was sufficient to sustain a finding for plaintiff. Manahan v. Halloran, 66 Minn. 483, 69 N. W. 619; Ingalls v. Oberg, 70 Minn. 102, 72 N. W. 841; Busack v. Johnson, 129 Minn. 364, 152 N. W. 757; Carpenter v. Gantzer, 164 Minn. 105, 204 N. W. 550; and other cases cited in Dun. Dig. § 9760. Both parties presented evidence after the denial of defendant's motion, and whether a cause of action was proven must be determined by the evidence

as it stood at the conclusion of the trial. Whether that presented before plaintiff rested was sufficient has become immaterial. This is the rule even in a criminal case. State v. Baker, 161 Minn. 1, 200 N. W. 815.

Defendant also claims that the findings and judgment are not sustained by the evidence. The indebtedness, the note and chattel mortgage and the foreclosure sale are admitted, and no question is raised concerning the regularity of the sale. Defendant's contention is directed to an alleged understanding concerning the amount to be bid at the sale, asserted by defendant and denied by plaintiff's representatives; and to the question of the value of the property. Defendant purchased the machinery seven years before the sale for the sum of $950 as claimed by him and for the sum of $890 as claimed by plaintiff, and some of it was secondhand at that time. Defendant claimed at the trial that it was worth about $1,000 at the time of the sale. Plaintiff claimed that it was worth less than $400, the amount bid, and in fact sold it shortly thereafter for $300. The court was amply justified in refusing to find, as requested in defendant's motion, that the value of the property exceeded $400, or that plaintiff's bid was not made fairly and in good faith. Both the order appealed from and the judgment are affirmed.