# JOERNS BROS. MANUFACTURING COMPANY v. GERTRUDE A. BURNS.[1]

January 13, 1928.

No. 26,453.

**Drawer of check was not released when delay in presentation of it was due to her bank's delay.**

Whatever delay there was in presenting a check, drawn upon a bank at some distance from the city where the payee received it and did business, was due to the conduct of the drawer and her agent, the drawee bank, and she was not released when such bank closed its doors without paying the check.

Bills and Notes, 8 C. J. p. 682 n. 78 New.

---

See note in 2 A. L. R. 1385; 5 R. C. L. 511; 1 R. C. L. Supp. 1418; 4 R. C. L. Supp. 330; 5 R. C. L. Supp. 287.

Action in the municipal court of Minneapolis to recover upon a check made by defendant to plaintiff. There was judgment, Fosseen, J. for the plaintiff, from which the defendant appealed. Affirmed.

*Robert M. Works,* for appellant.

*Jesse Van Valkenburg,* for respondent.

HOLT, J.

Appeal by defendant from a judgment entered against her in an action tried to the court.

The assignments of error are defective. The conclusion of law is challenged as contrary to the evidence, and the judgment is assailed as not justified by the evidence. If the findings of fact support the conclusion of law and the judgment, the latter must stand. Another assignment is that the court erred in not dismissing when plaintiff rested. If there was sufficient evidence to justify findings in favor of plaintiff when all the evidence was in, the denial of the motion to dismiss when plaintiff rested will not be reversed, Busack v. Johnson, 129 Minn. 364, 152 N. W. 757.

[1]Reported in 217 N. W. 506.

But we think the facts found, and as to which there is no dispute, justify the judgment. On July 9, 1925, plaintiff, a corporation, sold and delivered to defendant furniture for which she promised to pay $182.18, and for the purpose of paying therefor defendant drew a check on the First National Bank of Big Lake, Minnesota, for that amount payable to the order of plaintiff, who received the check on Saturday, the 11th. On the 13th plaintiff deposited the check in its bank, the Mercantile State Bank of Minneapolis, for collection. It was transmitted on the 14th to the Federal Reserve Bank for collection. On the 15th that bank returned it to the Mercantile bank because the Federal bank did not collect from other than national banks. The fact was that prior to the drawing of the check, but unknown to defendant, the Big Lake Farmers State Bank had taken over the assets and liabilities of the drawee bank, including the deposit account of defendant, which at all times exceeded the amount of the check. The Mercantile State Bank on the 16th delivered the check to the Northwestern National Bank for clearing and collection, and the following day it was forwarded by the latter to the Big Lake Farmers State Bank for payment, into whose hands it came on the 18th. The Big Lake Farmers State Bank retained the check without paying the same until the 23d, when it was closed by the commissioner of banks. The check has never been paid, and plaintiff is the owner and holder thereof and of the debt evidenced thereby.

From the foregoing it is plain that plaintiff exercised due diligence in presenting the check for payment. So did the agents of plaintiff, the banks to whom it intrusted it for collection. Such delay as occurred by reason of transmitting it to the Federal Reserve Bank for collection was due to defendant's error in drawing the check upon a bank which no longer existed but which had been absorbed by the Big Lake Farmers State Bank. There was no negligence on the part of the Northwestern National Bank in sending it to the Big Lake Farmers State Bank, for there was no other bank at Big Lake. The delay and default was that of defendant's agent, the custodian of her funds, whose primary duty was owing to her promptly to pay the check. No other decision than the one rendered could be made upon the undisputed facts.

The judgment is affirmed.