## PATRICK CARR v. W. T. GRANT COMPANY.[1]

February 10, 1933.

No. 29,335.

*C. J. Foley,* for appellant.
*Mark J. McCabe* and *Harold C. Bellew,* for respondent.

HOLT, JUSTICE.

Defendant appeals from a judgment awarding plaintiff damages for injury to his hand received when caught between the inside and outside swinging vestibule doors of defendant's store in Minneapolis, Minnesota. After verdict defendant moved in the alterna-

[1]Reported in 246 N. W. 743.

tive for judgment notwithstanding or a new trial. A new trial was granted unless plaintiff consented to reduce the verdict to $1,000. Plaintiff consented.

The assignments of error do not properly raise any point upon which to reverse. Four errors are assigned, but not in such manner as to show the materiality of the ruling complained of, or to specify the question to which objection was made, or to support the assigned error by any argument. For example, error is assigned on the refusal to dismiss after plaintiff rested. But after the ruling defendant went on to introduce its defense. If after all the evidence was in there was enough to make plaintiff's right of recovery a question for the jury, defendant could not have a dismissal. Enterprise Co. v. Pfeifer, 169 Minn. 457, 211 N. W. 673. Error is not assigned on the refusal to direct a verdict or upon the denial of judgment non obstante. That the court "erred in overruling the objections of defendant in allowing the testimony of the expert Gunsolley" is not definite enough. The witness was examined at length. He was not permitted to express an opinion as to safe condition of the doors. He was simply allowed to state that the doors here in question were not similar in construction to doors used elsewhere for the same purpose. The witness fully qualified as an expert. He had examined the doors in question and had measured them, and had accurately ascertained the manner in which they swung and to what extent they overlapped. No argument in the brief is directed to any ruling by the court upon any question put to this witness. The same is true in regard to the assigned error "in allowing testimony of plaintiff in regard to what he was going to earn in the future." The last assignment is that the court erred in failing to charge the jury that there was no evidence of medical expense. Defendant requested no instructions. The charge was not questioned when it was given nor in the motion for a new trial. It cannot be first attacked on appeal.

While no assignment of error is sufficient to present any question for review, we shall regard the assignment on the refusal to dismiss, when plaintiff rested, as one charging error in denying de-

fendant's motion for judgment notwithstanding the verdict. This will raise the merits of the appeal, viz. the negligence and contributory negligence to which defendant's brief is directed. Defendant, a corporation, operated a store on Nicollet avenue between Sixth and Seventh streets in Minneapolis in December, 1930. During the winter season it installs a vestibule at the Nicollet avenue entrance. The doors leading from the street into the vestibule swing both ways, and so do the doors leading from the vestibule into the store. The vestibule is so narrow or shallow that when the outside doors are swung in and the corresponding vestibule doors are swung out at the same moment they strike against each other. They overlap six inches if swung fully towards each other.

At noon on December 15, 1930, plaintiff had entered the store for lunch, there served, and as he passed out through the vestibule door a woman and small girl were about to pass out the outer door as it swung in. Attempting to aid the woman, who had bundles in her arms, plaintiff took hold of the outer door to hold it open while the woman and child passed out. At that instant someone, in passing from the store into the vestibule, swung the vestibule door out, catching or striking plaintiff's hand as he had hold of the outer door. The little finger was hurt severely, permanently deforming it so that it interferes with his work—that of a decorator, painter, and paperhanger. There is also a partial loss of ability to use brushes with that hand.

Of course plaintiff had to prove actionable negligence in the maintenance of the doors. These were at the entrance to a store to which the public was invited. The evidence was that during the Christmas shopping season as many as 10,000 people entered the store daily. It seems clear to us that it was for the jury to say whether doors, so placed in this store that in their ordinary use they swung against each other in such manner as likely to catch and injure those passing through, were reasonably safe for the purposes intended. If not, defendant could be held negligent for so maintaining them. Connected with the contention that the way these doors were maintained did not show negligence is the claim that plaintiff was guilty of contributory negligence in placing his

hand where the vestibule door could strike it. The injury did not come from the door which he was holding open or from any jamb or opening into which it swung. It came from the vestibule door behind him and of the danger from which he had no knowledge, it being his first or second visit in the store. In our opinion defendant's negligence, as well as plaintiff's contributory negligence, was for the jury and not for the court.

The judgment is affirmed.