179 N.W.2d 175 (1970)
In re Welfare of Kimberly, Dawn, Mary Ann and Chad FISH.
HENNEPIN COUNTY WELFARE DEPARTMENT, Respondent,
v.
Joan FISH, Appellant.
No. 41896.
Supreme Court of Minnesota.
July 31, 1970.
Smith & Munro and Bernard P. Becker and David P. Murrin, Legal Aid Society, Inc., Minneapolis, for appellant.
George M. Scott, County Atty., Susanne C. Sedgwick, Asst. County Atty., Minneapolis, for respondent.
Heard before KNUTSON, C. J., and ROGOSHESKE, SHERAN, PETERSON, and FRANK T. GALLAGHER, JJ.

OPINION
PER CURIAM.
Appeal from an order of the Hennepin County District Court terminating Mrs. Joan Fish's parental rights to four of her children.
Appellant has four illegitimate children: Kimberly, age 9; Dawn, age 8; Mary Ann, age 7; and Chad, age 4. The Hennepin County Welfare Department filed petitions alleging that Mrs. Fish was neglecting these children shortly after each child was born. Orders determining the children to be neglected or dependent were entered as the result of these petitions, and their legal custody was transferred to the director of the welfare department.
In February 1966 the district court terminated Mrs. Fish's parental rights to Kimberly, Dawn, and Mary Ann. At that time the court found that (1) Mrs. Fish was a poor housekeeper; (2) she could not manage money; (3) she could not keep employed; (4) she was unable to maintain a permanent residence; (5) she had in the past mistreated the children, but has ceased doing so; (6) she has not provided her children with adequate medical care; (7) she has provided her children with adequate clothing; (8) she has rejected all suggestions, advice, and pressures from the welfare department and the court; and (9) she sincerely loves her children, with the possible exception of Dawn, and they, including Dawn, have regularly demonstrated affection for her.
In March 1966 the court vacated the termination order since some of the findings were not within the allegations in the termination petition and without those findings there was insufficient support for the order. The court again granted legal custody of Kimberly, Dawn, and Mary Ann to *176 the welfare department on the basis of a finding of neglect.
Kimberly, Dawn, and Mary Ann have been in foster homes since infancy. Chad was in a foster home from March 1966 to August 1967 and from January 1968 to date. He was home in his mother's care from August 1967 to January 1968. He was returned to Mrs. Fish on a trial basis with the understanding that if all went well, the other three children would also be returned to her. The welfare department decided things did not go well, and the department placed Chad in a foster home in January 1968.
In June 1968 the welfare department filed a petition requesting the Hennepin County District Court to terminate the parental rights of Mrs. Fish to the four children. The matter was tried in the Juvenile Division of that court. On August 23, 1968, the court ordered termination of all parental rights of Mrs. Fish and transfer of the guardianship and legal custody of the children to the commissioner of public welfare.
The court found that the record of more than 40 hearings over a period of more than 8 years disclosed a consistent pattern of the mother's instability in that she changes her place of residence every few months; she cannot maintain employment for more than a few months; she cannot maintain eligibility for consistent public assistance; she undergoes wide emotional variations and indecisions regarding marital possibilities; and her interest in her various children appears to fluctuate unduly.
The court also found that appellant is a good housekeeper and provides good care for her children, but that the children need and are entitled to a far higher degree of emotional and environmental stability than their mother is capable of providing in the forseeable future.
The trial court based the termination order on the following grounds under Minn. St. 260.221: (a) Parental care continuously refused; (b) parents unfit due to seriously harmful conduct; (c) conditions of dependency or neglect uncorrected.
While we cannot say that the evidence unequivocally establishes that parental care was continuously refused or conditions of dependency or neglect were uncorrected, it is our opinion that the record does establish that Mrs. Fish is an unfit parent due to seriously harmful conduct because of her serious emotional instability, which we deem unnecessary to set out in detail here.
Appellant moved to dismiss after petitioner concluded its evidence. She now argues that this court cannot consider evidence introduced after this motion in deciding whether it was correctly denied. The law is just the opposite in Minnesota. This court considers all the evidence. Ingalls v. Oberg, 70 Minn. 102, 72 N.W. 841; Enterprise Co. v. Pfeifer, 169 Minn. 457, 211 N.W. 673; Carr v. W. T. Grant Co., 188 Minn. 216, 246 N.W. 743. Appellant argues that Rule 41.02, Rules of Civil Procedure, has reversed these cases. This is not true. The same result is reached under the analogous Federal Rule of Civil Procedure. A. & N. Club v. Great American Ins. Co. (6 Cir.) 404 F.2d 100.
Affirmed.
KELLY, J. not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.