## 33066.  MURPHEY v. ELLIS.

Decided June 7, 1950.

*C. Wesley Killebrew, Fulcher & Fulcher,* for plaintiff in error.
*Congdon, Harper & Leonard,* contra.

FELTON, J. Questions of negligence, proximate cause and contributory negligence are all questions for determination by a jury except in clear and indisputable cases. *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518). This is not such a case. This court cannot on the pleading in this case say as a matter of law that the defendant was without negligence or that plaintiff was negligent and that such negligence was the proximate cause of her injuries. The petition alleges negligence on the part of the defendant in maintaining the doors with insufficient clearance between them upon closing, without protective material or devices, without knobs and without instructions to the customers on how to safely open the doors, thereby allegedly creating an unsafe approach to the premises. A jury may be authorized to find that under the circumstances the defendant might reasonably have anticipated that an injury might result from such maintenance and that such constituted negligence on his part and was the proximate cause of the injuries. A jury may be authorized to find under the facts alleged, notwithstanding the contention that the plaintiff was negligent in placing her hand upon the door in such a manner that it would be caught between the doors upon their closing, that in the absence of a knob or handle, or instructions in their absence, the plaintiff was justified in so placing her hand upon the door in the manner she did in an effort to open it and that the absence of the knob or handle or instructions was a negligent maintenance of the approach to the store part of the premises. On the other hand, a jury may be authorized to find that it was not negligence to so maintain the doors, or that even though the defendant was negligent, such negligence could have been discovered and the consequences thereof avoided by the plaintiff in the exercise of ordinary care and that her failure to do so was the sole proximate cause of her injuries. Too, a jury may be authorized to find that defendant was negligent and that his negligence was the proximate cause of the injuries but that plaintiff was also guilty of negligence, but in an amount less than defendant, and frame a verdict based on the comparative negligence doctrine. The petition does not show, and it cannot

be legally inferred therefrom, that plaintiff knew these were swinging doors that were always kept closed, and had it so shown, she would have been precluded in this action, but she expressly alleges that the door which closed upon her finger was retained open as she was attempting to open the closed door and that for some reason unknown to her the opened door suddenly and without warning closed, mashing her finger. The petition in *Whitehead* v. *Southern Bell Tel. &c. Co.*, 37 *Ga. App.* 775 (141 S. E. 922), cited by the plaintiff in error, alleged that one of two swinging doors to a telephone booth which allegedly struck and injured plaintiff as she was sitting on a stool at a counter in one of the defendants' stores swung outward a maximum of 4 or 5 inches and struck plaintiff after being slammed to by a user of the telephone booth, and the court held that the defendants could not have reasonably anticipated that customers sitting in close proximity to the booth would be knocked over and injured by the opening and closing of such doors. It can be clearly seen that that case is distinguishable upon the facts from the instant case. After much research this court found many cases in which a door had closed upon and injured the fingers or hand of one who had placed his hand upon a door jamb for various reasons but none in which a person's fingers or hand had been caught between two swinging doors while attempting to open one of the doors, as in the instant case. The closest case found to the present case as to the facts involved is that of Carr *v.* W. T. Grant Co., 188 Minn. 216 (246 N. W. 743). There the defendant operated a store in the City of Minneapolis. During the winter it installed a vestibule at one of its entrances. The doors leading from the street into the vestibule swung both ways, as did the doors leading from the vestibule into the store. The vestibule was so narrow or shallow that when the outside doors were swung in and the corresponding vestibule doors were swung out at the same time they struck against each other, and overlapped six inches if swung fully towards each other. The plaintiff entered the store for lunch, had been served, and as he passed out through the vestibule door a woman and a small girl were about to pass out the outer door as it swung in. Attempting to aid the woman, who had bundles in her arms, plaintiff took hold of the outer

door to hold it open while the woman and child passed out onto the street. At that instant someone, in passing from the store into the vestibule, swung the vestibule door out, catching or striking plaintiff's hand as he had hold of the outer door, thereby permanently injuring plaintiff's finger. In affirming a verdict for the plaintiff, the court said: "It seems clear to us that it was for the jury to say whether doors, so placed in this store that in their ordinary use they swung against each other in such a manner as likely to catch and injure those passing through, were reasonably safe for the purposes intended. If not, defendant could be held negligent for so maintaining them. Connected with the contention that the way these doors were maintained did not show negligence, is the claim that plaintiff was guilty of contributory negligence in placing his hand where the vestibule door could strike it. The injury did not come from the door which he was holding open or from any jamb or opening into which it swung. It came from the vestibule door behind him and of the danger from which he had no knowledge, it being his first or second visit in the store. In our opinion defendant's negligence, as well as plaintiff's contributory negligence, was for the jury and not for the court."

. The court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*