A98A0133. BEMAN et al. v. KMART CORPORATION.
(501 SE2d 580)

BEASLEY, Judge.

Blind for many years, Dorothy Beman was exiting a rest room at a Kmart store with her right hand on her adult daughter's shoulder when she put out her left hand to catch the door automatically closing behind her. She mistakenly placed her fingers in the hinge-side jamb, which were crushed by the heavy door. She and her husband sued Kmart Corporation, claiming the door was defective in that it closed too quickly and forcefully. The court granted Kmart summary judgment.

1. Beman failed to file a separate enumeration of errors and to make any citations to the record in her brief. Under the rules of this Court,[1] typically "an appeal will be dismissed for failure to file separate enumerations of error."[2] The rationale is that the appellant has failed to perfect the appeal.[3] "Assignments of error in a brief timely

---

[1] See Court of Appeals Rules 7 and 22; see also OCGA § 5-6-40.

[2] *Daniel v. State*, 228 Ga. App. 634, n. 1 (492 SE2d 542) (1997); see *Lewis v. State*, 226 Ga. App. 344 (487 SE2d 533) (1997) (motion to dismiss appeal granted for failure to file separate enumeration of errors).

[3] *Benfield v. State*, 224 Ga. 139 (160 SE2d 398) (1968).

filed can not take the place of the required enumeration of errors. [Cit.]"[4]

Similarly, "this Court is authorized under its rules to dismiss any appeal for failure to cite to the record."[5] "Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."[6]

Although dismissal sometimes follows only after an appellant fails to comply with an order of this Court to file proper pleadings,[7] "an order to follow the rules is not a prerequisite to their enforcement or to unfavorable consequences of non-compliance."[8]

Nevertheless, this Court has discretion to consider the merits of an appeal even though a party has not complied with these rules.[9] We exercise our discretion to consider the merits of this appeal because the record is small,[10] Kmart's brief covers most of the inadequacy in appellant's brief, the error enumerated is evident, and Kmart has not moved to dismiss the appeal.

2. The plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous.[11] Beman has submitted evidence showing the heavy door closed quickly and forcefully and had struck other patrons as they exited. She has met the burden of showing some evidence from which a jury could find a defect.

3. But this defect is not what caused her injuries. Her injuries did not arise from the door forcefully striking her and propelling her forward; they arose from her fingers being crushed in the door jamb. Beman testified that while passing through doorways she always placed her hand behind her to catch the door and to balance or brace herself. This time she mistakenly stuck her fingers between the door and its hinge-side frame because she thought the door hinges were on the other side and because she thought she was farther through the door opening than she was. The allegedly defective condition of

---

[4] Id.

[5] *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997); see *Lewis*, supra.

[6] Court of Appeals Rule 27 (c) (3) (i).

[7] See *Moss v. Rutzke*, 223 Ga. App. 58, 59 (1) (476 SE2d 770) (1996); *Wordu v. State*, 216 Ga. App. 552, 553 (1) (455 SE2d 101) (1995).

[8] *Lewis*, supra, 226 Ga. App. at 346 (Beasley, J., concurring specially); see Court of Appeals Rule 7.

[9] See *Rolleston*, supra, 226 Ga. App. at 753 (merits considered despite failure to make record citations); *Poole v. Estfan*, 206 Ga. App. 510, 511 (1) (426 SE2d 61) (1992) (merits considered despite failure to make record citations); *Fulton-DeKalb Hosp. Auth. v. Metzger*, 203 Ga. App. 595, 596 (1) (417 SE2d 163) (1992) (merits considered despite failure to file enumeration of error).

[10] See *Smith v. Top Dollar Stores*, 129 Ga. App. 60, 64 (3) (198 SE2d 690) (1973).

[11] *Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (1) (375 SE2d 249) (1988); see *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997).

the door did not cause her to place her fingers there. She further admitted that her fingers in that position would have been injured whether the door closed fast or slow. In response to Kmart's summary judgment motion, Beman testified by affidavit that the door closed so hard and fast that it caused her hand to slide into the jamb. This contradicted her deposition testimony that she mistakenly stuck her fingers into the jamb. Because she offered no explanation for the contradiction, the testimony is construed against her.[12]

*Robinson v. Kroger Co.*[13] recently held that to withstand summary judgment a plaintiff must disprove her negligence "after it has been established or assumed the defendant had actual or constructive knowledge of the hazard, and the defendant presents evidence that the plaintiff's injuries were proximately caused either by the plaintiff's voluntary negligence, i.e., plaintiff's intentional and unreasonable exposure of self to a hazard of which plaintiff has knowledge, or by the plaintiff's casual negligence, i.e., the plaintiff's failure to exercise ordinary care for personal safety."

The evidence is plain, palpable, and undisputed that Beman failed to exercise ordinary care when she placed her fingers between the door and its hinge-side jamb. She herself testified this was a mistake, for no reasonable person would place a hand there to stop the door from closing.[14]

A landowner is liable to invitees "for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[15] The causal link between the defective condition and the injury is essential to recovery.[16] Its absence mandates summary judgment.[17] The court did not err in granting summary judgment.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

---

[12] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

[13] 268 Ga. at 748.

[14] Compare *Murphey v. Ellis*, 81 Ga. App. 743, 748 (59 SE2d 774) (1950) (no contributory negligence because "injury did not come . . . from any jamb or opening into which [the door] swung").

[15] OCGA § 51-3-1.

[16] *Keaton v. A.B.C. Drug Co.*, 266 Ga. 385, 387 (2) (467 SE2d 558) (1996).

[17] See *Culberson v. Lanier*, 216 Ga. App. 686, 687 (1) (455 SE2d 385) (1995) (lack of evidence showing causal connection between injuries and absence of stair rail requires summary judgment); *Boyd v. Garden Center*, 197 Ga. App. 198, 200-201 (3) (397 SE2d 626) (1990) (summary judgment where no evidence showed causal connection between injury and defects in stairway); *Brown v. RFC Mgmt.*, 189 Ga. App. 603, 604-605 (376 SE2d 691) (1988) (no evidence showing causal connection between plaintiff's fall and unrepaired premises required summary judgment).

DECIDED APRIL 14, 1998.

*Pedro Quezada*, for appellants.
*Chambless, Higdon & Carson, Marc T. Treadwell*, for appellee.