A99A1232. CARROLL et al. v. GEORGIA POWER COMPANY.
(523 SE2d 896)

MILLER, Judge.

Oscar Carroll sued Georgia Power Company for injuries arising out of his fall from a vertical ladder fixed to the side of a Georgia Power building. His wife jointly sued for loss of consortium. Arguing among other things that the ladder was not defective and that its condition was open and obvious, Georgia Power moved for summary judgment. The court granted the motion, finding the undisputed evidence established that Georgia Power did not have superior knowledge of the alleged defects in the ladder and that Carroll failed to exercise ordinary diligence. Carroll and his wife appeal.

Construing the evidence in the light most favorable to Carroll, the record reveals that Carroll had been working at the Georgia Power building for four to five months as an employee of a company that was under contract with Georgia Power to remodel and construct additions to the building. Georgia Power notified Carroll's company of a developing fracas on the roof of the building between an employee of Carroll's company and the employee of another independent contractor. Carroll's company directed him to investigate, which he did immediately. Eschewing conventional ladders farther away for

the sake of speed, Carroll chose to ascend to the roof via a fixed vertical ladder attached to the side of the building, which he had periodically viewed during his tenure at the site but had not previously climbed to the top. As he hurriedly climbed, he focused his attention on the two men on the roof who were about to exchange punches. Once at the top of the ladder, he reached for a rung in the mistaken belief that the rungs continued another few feet. But the rungs of the ladder ceased a few inches below the roof level, with only the side rails continuing six inches above the roof. He fell, severely injuring his legs, arm, wrist, and shoulder.

1. Carroll's suit is based on premises liability. "The plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous."[1] Though Georgia Power pointed out the lack of evidence on this point, Carroll did not submit competent evidence that the ladder was defective or hazardous.[2] He proffered no expert testimony that the ladder was hazardous,[3] nor did he point to any rule or regulation allegedly violated by the ladder.[4] Rather, he simply testified that the ladder was defective because (a) it did not have a cage surrounding the climber and (b) the rungs did not extend higher.

Neither of these assertions withstands scrutiny. With regard to the absence of a cage, Carroll in his summary judgment brief correctly referred to the Code of Federal Regulations as applicable to the construction of vertical fixed ladders. The section he cited, 29 CFR § 1910.27, does not require cages on vertical ladders, but rather refers to the different clearances required when a vertical ladder has a cage and when it does not.[5] He provided no evidence that the absence of a safety cage constituted a defect in a vertical ladder.

Moreover, even if the lack of a cage were a defect, Carroll testified that he had previously climbed vertical fixed ladders with cages, and that he was aware, based on his observations of the Georgia Power ladder prior to the date of the incident, that this ladder had no cage to prevent a fall. The crux of a premises liability case is the

---

[1] (Footnote omitted.) *Beman v. Kmart Corp.*, 232 Ga. App. 219, 220 (2) (501 SE2d 580) (1998); see *Denham v. Young Men's Christian Assn. &c.*, 231 Ga. App. 197, 199 (499 SE2d 94) (1998).

[2] Although the trial court based its order on other grounds, "[i]t is axiomatic that a grant of summary judgment must be affirmed if it is right for any reason. [Cit.]" *Stephens v. State Farm &c. Ins. Co.*, 236 Ga. App. 758, 759 (1) (513 SE2d 508) (1999). See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (once defendant has pointed out the absence of evidence on a material element, plaintiff is obliged to submit such evidence or else suffer summary judgment).

[3] Compare *Davis v. GBR Properties*, 233 Ga. App. 550, 551 (1) (504 SE2d 204) (1998).

[4] Compare *Aggeles v. Theater of the Stars*, 235 Ga. App. 57, 60 (507 SE2d 856) (1998) (Andrews, C. J., dissenting).

[5] 29 CFR § 1910.27 (c) (2), (3).

owner's superior knowledge of the hazard; thus, a plaintiff's actual, subjective awareness of the hazard precludes a recovery under this theory.[6]

The assertion that the rungs should have continued similarly fails. Every ladder is finite and eventually runs out of rungs. In accordance with federal regulations, the ladder here, a "through ladder," stopped its rungs just below the roof level so that a person could step through the ladder onto the roof.[7] Although the side rails of the ladder continued only six inches above the roof line as opposed to the three and one-half feet required by the same regulation, this defect did not cause Carroll's fall, as he frankly admitted that in his hurried climb he was using the rungs as handholds, not the side rails, and that it was the omission of additional rungs that caused his fall, not the shortness of the side rails extending above the roof line.

Even if the lack of additional rungs were a defect, this defect was open, obvious, and in plain view. Carroll admitted that if his attention had been focused on his climbing, and not on the developing fight, then he would have easily seen that the ladder's rungs ceased just below the roof line, and he would not have fallen. The "plain view" doctrine precludes recovery where a hazard is in plain view at a location where it is customarily found and can be expected to be.[8] A climber can clearly expect that as he nears the top of a ladder, the rungs will at some point run out, which will be in plain view to him.

Carroll claims that he was distracted by the fight and thus excused from maintaining a proper lookout.[9] But to provide a legal excuse, the distraction must be in the control of the owner.[10] As conceded by Carroll, the impending fight was not the fault of nor caused by Georgia Power, nor did it involve Georgia Power employees. The fact that Georgia Power notified Carroll's company that it should handle a situation involving one of its own employees and the employee of a third party is not a valid basis for ascribing the distraction to the control of Georgia Power.

2. Finally, since climbing ladders involves an activity inherently more dangerous than, for instance, walking the aisles of a store, and since all ladders eventually run out of rungs, it is plain and palpable negligence on the part of a climber to not pay attention to the rungs of the ladder as he nears the top. For example, Carroll testified he knew he was supposed to climb ladders slowly and carefully. Even a

---

[6] *Robinson v. Kroger Co.*, 268 Ga. 735, 736, 748-749 (493 SE2d 403) (1997); *Herrin v. Peeches Neighborhood Grill &c.*, 235 Ga. App. 528, 533 (1) (509 SE2d 103) (1998).

[7] 29 CFR § 1910.27 (d) (3).

[8] *Robinson*, supra, 268 Ga. at 743 (1); see *West Lumber Co. v. Beck*, 231 Ga. App. 46, 48 (1) (497 SE2d 647) (1998).

[9] See *Robinson*, supra, 268 Ga. at 746 (2) (a).

[10] Id.

shopper walking the aisles of a store knows that every aisle will eventually terminate, and that he should maintain a lookout so as not to run into a wall or counter at the end of the aisle. This aspect of the duty to pay attention is heightened for a ladder climber. A plaintiff's lack of ordinary care for personal safety, when established by plain, palpable, and undisputed evidence, mandates summary judgment in a premises liability case.[11]

The undisputed evidence reveals the ladder had no defect. Even assuming the ladder was defective, Carroll was either keenly aware of the defect or in the exercise of ordinary diligence should have been aware. Although we are aware of *Robinson*'s reminder that the routine issues of premises liability are generally not susceptible of summary adjudication, we are also aware of *Robinson*'s statement that where the evidence is plain, palpable, and undisputed on the key issues, summary judgment should be granted.[12] The court did not err in granting summary judgment.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED OCTOBER 20, 1999.

*Weinstock & Scavo, Michael Weinstock, John B. Levy*, for appellants.

*Buchanan & Land, Jerry A. Buchanan*, for appellee.

---

[11] Id. at 748 (2) (b); *Beman*, supra, 232 Ga. App. at 221 (3).
[12] *Robinson*, supra, 268 Ga. at 748.