A99A1313. TILLMAN et al. v. WINN-DIXIE STORES, INC.
(526 SE2d 146)

ANDREWS, Presiding Judge.

Mary Ida Tillman and her husband[1] appeal from the trial court's grant of summary judgment to Winn-Dixie Stores, Inc. in this trip and fall case.

This Court reviews de novo a trial court's grant of summary judgment, *Jackson v. Post Properties*, 236 Ga. App. 701 (513 SE2d 259) (1999), viewing the evidence below with all inferences in favor of the Tillmans, opponents of summary judgment. *Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791 (504 SE2d 198) (1998).

So viewing the evidence, it was that Mrs. Tillman regularly visited the Winn-Dixie store in her neighborhood, either to shop or just browse. On March 7, 1997, she drove up and parked in front of the store, intending to use a pay phone there. As she arrived, she noticed a temporary display of plants on the sidewalk in front of the store. Tillman got out of her car, walked onto the curb, and was looking at the display of flowers and vegetables which was as high as her car's hood. Although she claims she did not realize it before she fell, the display consisted of three tiered shelves. Flowers and plants were displayed on the shelves.

---

[1] Mr. Tillman's claim was for loss of consortium.

Intending to purchase some plants, she approached the display from the end of the shelves and was walking around it so she could reach the plants more easily. The display was near a big pillar, and there was just enough space for a person to walk around it. As she went around the end of the display, she caught her shin on the end of the lowest shelf. Before falling, Tillman claims that she did not realize that the lowest shelf extended that far over the sidewalk because the flowers were "[d]raping all over it. All I could see was blooms."

After tripping on the shelf, Tillman fell forward and attempted to regain her balance. She nonetheless fell to the ground when her foot caught on a supporting leg of the shelves.

When asked what was wrong with the shelving, Tillman stated that "[i]t was tiered, the top shelf, then there was a second shelf, but that wouldn't have tripped anybody. It was that bottom one jutting out there that far."

"The plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous. [*Johnston v. Grand Union Co.*, 189 Ga. App. 270, 271 (1) (375 SE2d 249) (1988); see *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997).]" *Beman v. Kmart Corp.*, 232 Ga. App. 219, 220 (2) (501 SE2d 580) (1998).

Here, there is no evidence that the display was anything other than a simple three-tiered step arrangement. Obviously, any such tiered arrangement will have steps progressively extending from the top step down. Equally obvious is the fact that the flowers and plants were sitting on something — they were not suspended in air.

There is no evidence that the display was negligently designed or constructed and, accordingly, no evidence that it was defective or hazardous.

Therefore, on the record before us, this is one of those cases where the evidence is "plain, palpable, and undisputed" entitling Winn-Dixie to summary judgment.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 23, 1999 —
RECONSIDERATION DENIED DECEMBER 3, 1999 — 

*Edward E. Boshears*, for appellants.

*Lee, Black, Scheer & Hart, Steven E. Scheer, Christopher L. Rouse*, for appellee.