A01A1370. LANGSTON v. HOME DEPOT U.S.A., INC. et al.
(554 SE2d 223)

ELDRIDGE, Judge.

Elizabeth B. Langston, plaintiff, sued Home Depot U.S.A., Inc., defendant, for injuries that she sustained as a customer in its store when she stepped on the lower shelf of a display support which gave way when she reached for red impatiens five feet up and out of her reach on the top shelf of the display. After filing an answer, defendant moved for summary judgment, showing that it lacked knowledge of a hidden defect on the premises, which motion was granted. We affirm.

The incident occurred on May 19, 1998, when the plaintiff went to a Home Depot store to purchase flowers. The display shelf in issue was constructed from two one-half-inch-thick, six-foot panels of prefabricated wood fencing, resting on concrete blocks. When she placed her right foot on the display shelf to balance herself as she reached up, the board broke, and her foot went to the concrete floor, injuring her.

1. Plaintiff contends that the trial court erred in finding that she had failed to demonstrate a hazard and that the defendant had actual or constructive knowledge of the hazard. We do not agree.

Tort liability requires four elements to be established:

(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Citation and punctuation omitted.) *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). "Where [the] owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA

§ 51-3-1; *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980).

The duty to keep premises safe for an invitee extends only to such portions of the premises that the owner includes within the invitation to the invitee, because the owner is under no duty to foresee that the invitee will use areas to which the invitation is not extended and which are closed to the invitee. *Cooper v. Anderson*, 96 Ga. App. 800, 809 (101 SE2d 770) (1957), aff'd, 214 Ga. 164 (104 SE2d 90) (1958); *Augusta Amusements v. Powell*, 93 Ga. App. 752, 758 (92 SE2d 720) (1956); *Coffer v. Bradshaw*, 46 Ga. App. 143, 149 (167 SE 119) (1932). Thus, there was no duty to keep the display safe for use as a step or to support human weight, because the invitation was not extended to such use, and such use was not reasonably foreseeable.

The owner has a duty of inspecting the premises open to the invitee to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from such dangers; however, such danger or hazard must be known or reasonably foreseeable from the arrangement and use of the premises by the invitee. *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). There is no duty to foresee and warn against dangers which are not reasonably expected and which would not occur except under exceptional circumstances or from unexpected acts of the person injured. *Sutton v. Sutton*, 145 Ga. App. 22, 25 (243 SE2d 310) (1978). Thus, when a portion of the premises is put to a use not intended by the owner, the owner is not liable for the resulting injuries unless he knew or should have known that it would be diverted to such use and knew or should have known of the hazard from such use. *Savannah East Side Corp. v. Robinson*, 102 Ga. App. 426, 429-430 (116 SE2d 613) (1960). The question of ordinary care is whether a reasonably prudent store owner at the time and under the circumstances would have foreseen danger and what he reasonably would have done to prevent the injury; negligence is defective foresight judged by this standard rather than by hindsight of what actually happened. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 156 (1) (256 SE2d 916) (1979); *Smith v. Poteet*, 127 Ga. App. 735, 736 (1) (195 SE2d 213) (1972). Ordinary diligence does not require an inspection where there is no reason to think that an inspection is necessary to ascertain the possible or probable existence of any defects. *Roberts v. Wicker*, 213 Ga. 352, 355 (99 SE2d 84) (1957); *Hood v. McCall Clinic*, 145 Ga. App. 314 (243 SE2d 571) (1978); *Smith v. Poteet*, supra at 737. Thus, the defendant had no duty to foresee the unforeseeable. "The true ground of liability in such a relationship is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Citation omit-

ted.) *Barksdale v. Nuwar*, supra at 185; see also *Sutton v. Sutton*, supra at 25.

There is no evidence that the display was negligently designed or constructed for display purposes only, or that the defendant knew or should have foreseen that a customer would step on or put her weight on the lowest display shelf and that there existed a patent defect known or which should have been discovered by the defendant for such unintended use of the display. Thus, no hazard was shown to have existed within the duty of ordinary care owed to the plaintiff under the facts and circumstances of this case. See *Tillman v. Winn-Dixie Stores*, 241 Ga. App. 245, 246 (526 SE2d 146) (1999).

The defendant produced evidence that it had no knowledge of the hidden defect in the display panels that caused the fence panels to break or that it could reasonably foresee that any customer would use such display shelf as a step or to support weight. Then upon the shift in the duty to come forward with some evidence to create a material issue of fact after the defendant pierced the pleadings, plaintiff failed to come forward with any evidence to show that there was a defect, that the defect was patent, that the defendant should have foreseen plaintiff's actions, or that the defendant had actual or constructive knowledge of the hazard. See *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991). Thus, the grant of summary judgment was proper.

Even if the person plaintiff saw and asked if she could step on the display is assumed to be an employee for purposes of the motion for summary judgment, plaintiff has not demonstrated actual or constructive superior knowledge but, at best, constructive equal knowledge that observing the boards in the display would reveal to the employee a hidden defect. See *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

> Thus it is said that only when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. . . . Thus in order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant [she was hurt], the plaintiff must show (1) that the defendant had actual or constructive knowledge of the [hidden hazard] and (2) that the plaintiff was without knowledge of the [hidden hazard] or for some reason attributable to the defendant was prevented from discovering the [hidden hazard].

(Citations and punctuation omitted.) *Alterman Foods v. Ligon*, supra at 622-623. See also *Robinson v. Kroger Co.*, supra at 736. In this case, however, plaintiff's knowledge of the hidden hazard was equal

to or greater than the knowledge of the defendant, because no actual knowledge of the defendant has been shown and only constructive knowledge equal to the plaintiff's knowledge may be inferred. Id. at 737.

The evidence fails to raise a material issue of fact that the defendant could reasonably foresee the hidden hazard from putting pressure on the display support with plaintiff's right foot, because such use of the display was not foreseeable by the defendant. *Lau's Corp. v. Haskins*, supra.

2. Plaintiff contends that the trial court erred in finding that she failed to exercise ordinary care for her own safety because she intentionally and unreasonably exposed herself to a hazard known to her. In light of Division 1, we do not need to address this issue.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 16, 2001.

*McGarity & Lloyd, J. Michael McGarity,* for appellant.
*Mozley, Finlayson & Loggins, Laura M. Medlin, Carroll G. Jester, Jr.,* for appellees.