A02A0703. COHEN v. TARGET CORPORATION et al.

(567 SE2d 733)

PHIPPS, Judge.

Susan W. Cohen appeals from the trial court's entry of summary judgment in favor of defendants Target Corporation and Fourth Quarter Properties I, Inc. in this slip and fall case. The trial court ruled that Cohen failed to prove that the defendants had actual or constructive notice of any hazardous condition. We affirm for a reason presented to but not ruled on by the trial court — that Cohen failed to present competent evidence that a hazard existed.

To win summary judgment, the moving party must show that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case.[2]

We review a trial court's grant of summary judgment de novo, and we affirm if the decision is right for any reason presented to the trial court.[3]

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Lau's Corp.*, supra.

[3] See *Davis v. Rich's Dept. Stores*, 248 Ga. App. 116, 119, n. 16 (545 SE2d 661) (2001).

The record shows that Cohen went to a Target store in Fayette County on a rainy day in August 1997. As she stepped onto a manu-factured concrete incline in front of the store, her foot "hydroplaned" and she fell, injuring her left wrist and shoulder. In her affidavit, Cohen opined that her fall "was caused by the slick, yellow painted[ ] surface of the incline which when 'moistened' by the mild rain created a 'slip-n-slide' ready to hurt whomever stepped onto it."

Cohen claims that after she fell, a woman whom she believed to be a Target employee approached her and said "that something needed to be done about the slick surface on the incline because I was the second person that very day to have slipped and fallen on it." According to Cohen, a male Target employee who was standing nearby overheard this remark yet did not "refute, deny, or explain" it. Cohen could not give the name of either the man or the woman, and she was able to describe them only in general terms. The man escorted Cohen to the manager's office, where Target employee Penny Searcy told Cohen in a "defensive tone" that the paint on the incline was not fresh. From this remark, Cohen inferred that Searcy knew others had fallen on the incline and that it was dangerous.

Cohen sued Target Corporation, which occupied the premises where she fell, and Fourth Quarter Properties, which owned them. Both defendants sought summary judgment on the grounds that Cohen had failed to prove that a hazardous condition existed or that they had knowledge of such a condition. The trial court granted sum-mary judgment on the second ground. Cohen argues that issues of fact as to defendants' knowledge preclude summary judgment.

We, however, conclude that summary judgment was warranted on the first ground urged by defendants — that Cohen failed to show the existence of any defect or hazard. " 'The plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous.' "[4] Although Cohen asserted that the incline was defective in its design or construction, she presented no competent evidence of any defect.

She proffered no expert affidavit about the construction or main-tenance of the incline or any evidence that defendants violated any rules, ordinances, or standards pertaining to the structure.[5]

Nor did she prove the existence of a hazard by evidence that others had fallen in the area. Although Cohen claimed that an unnamed woman told her someone else had fallen there that day, the woman's statement is not admissible. As noted in *Barich v. Cracker*

---

[4] (Footnote omitted.) *Carroll v. Ga. Power Co.*, 240 Ga. App. 442, 443 (1) (523 SE2d 896) (1999).

[5] See id.

*Barrel &c.*,[6] "alleged statements of unknown employees who cannot be identified, located, summoned and cross-examined" are "completely unreliable" and "the very essence of hearsay."[7] Cohen also pointed to the male Target employee's allegedly telling silence following the unnamed woman's statement, but that silence — assuming it is admissible — is meaningless in the absence of the woman's statement. Finally, Cohen read into Searcy's allegedly "defensive" statement that the paint on the incline was not fresh an admission that the incline was dangerous. But that inference was based on nothing more than conjecture.

The fact that Cohen fell does not, of course, establish that defendants created or maintained a defective surface.[8] The fact that the surface may have become slippery in the rain also fails to establish any defect. It is common knowledge that water accumulates on the ground on rainy days, and the risk of harm imposed by this accumulation is not unreasonable but " 'is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate.' "[9] When an appropriate building material is used — and nothing in this record indicates that the materials used here were not appropriate — the tendency of a surface to become slippery when exposed to rainwater does not render it hazardous.[10] As we recognized in *Gibson v. Consolidated Credit Corp.*,[11]

> [t]here is scarcely any material that might be used in construction that isn't made somewhat slippery by the presence of water. That is a matter of common knowledge, and, since it is, it behooves us all to use a measure of precaution in walking upon wet surfaces. It is common knowledge that people fall on the best of sidewalks and floors.[12]

In the absence of any evidence that defendants negligently constructed or maintained the incline, that the incline stood in violation of some applicable building code or standard, or that other people had fallen there, defendants were entitled to summary judgment on the ground that Cohen failed to present proof of a defect or hazard.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[6] 244 Ga. App. 550 (536 SE2d 221) (2000).

[7] (Punctuation and footnotes omitted.) Id. at 551-552 (1).

[8] See *Chisolm v. Fulton Supply Co.*, 184 Ga. App. 378, 380 (1) (361 SE2d 540) (1987) ("Proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.") (citation and punctuation omitted).

[9] *Ike v. Kroger Co.*, 248 Ga. App. 531, 533 (3) (546 SE2d 903) (2001).

[10] See *Hardeman v. Spires*, 228 Ga. App. 723, 725 (2) (492 SE2d 532) (1997); *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 171-172 (1) (138 SE2d 77) (1964).

[11] Supra.

[12] (Citation and punctuation omitted.) Id. at 172.

DECIDED JUNE 24, 2002 —

*R. Keith Prater*, for appellant.
*Magill & Atkinson, Thomas E. Magill, Hamilton, Westby, Antonowich & Anderson, Eric S. Proser, Cobb, Grabbe, Spillers & Irwin, Alexander Gordon*, for appellees.