## A03A0101. EMORY UNIVERSITY v. SMITH.
(581 SE2d 405)

RUFFIN, Presiding Judge.

Beatrice Smith sued Emory University d/b/a Crawford W. Long Hospital ("the hospital") for negligence, asserting that she was injured when she slipped and fell on the hospital's premises. The hospital subsequently moved for summary judgment. Although the trial court denied the motion, it certified its ruling for immediate review, and we granted the hospital's interlocutory appeal application. For reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and " 'the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law.' "[1] So viewed, the record shows that Smith and her hus-

---

[1] *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827 (549 SE2d 784) (2001).

band took their son to the hospital for medical testing on November 16, 1998. It was raining steadily as they approached the hospital entrance along a sidewalk adjacent to the building. Near the entrance, the sidewalk sloped down into a wheelchair access ramp. When Smith stepped onto the ramp from the sidewalk, her foot slid, and she fell, injuring her left knee and right wrist.

According to Smith, "slippery and wet" conditions on the ramp caused her to fall. At her deposition, Smith admitted that she knew before she stepped on the ramp that it was sloped and that "there would be water on it" from the rain. She believes, however, that the ramp was more slippery than regular pavement "[b]ecause it seemed to have been freshly painted with yellow paint." Despite this belief, she performed no testing to measure the ramp's slipperiness, does not know when it was last painted, and does not know what type of paint was used.[2] In rebuttal, the hospital presented evidence that the concrete ramp was sealed with a yellow, granular, nonslip safety coating that made it "less slippery" than untreated concrete.

The hospital argues that it is entitled to summary judgment because Smith failed to produce evidence that it had superior knowledge of a hazard. We agree. In premises liability cases,

> proof of a fall, without more, does not give rise to liability on the part of a proprietor. The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an *unreasonable risk* of harm. Recovery is allowed only when the proprietor had knowledge and the invitee did not.[3]

Under Georgia law, a slippery condition caused solely by rainwater is not a hazard because it presents no unreasonable risk of harm.[4] As we recently noted, "[i]t is common knowledge that water accumulates on the ground on rainy days, and the risk of harm imposed by this accumulation is not unreasonable but is one to which all who go out on a rainy day may be exposed and which all may expect or antic-

---

[2] In January 2000, over one year after Smith fell, the hospital removed the ramp on which she slipped and constructed a new ramp in a different location "to give patients needing wheelchairs more room to operate." Although Smith contends that this removal "precluded [her] from having the ramp in question inspected by an expert," she does not argue that the hospital's conduct constitutes spoliation or raises an evidentiary presumption under OCGA § 24-4-22.

[3] (Punctuation omitted; emphasis supplied.) *Christensen*, supra at 828.

[4] See *Cohen v. Target Corp.*, 256 Ga. App. 91, 93 (567 SE2d 733) (2002) ("When an appropriate building material is used . . . the tendency of a surface to become slippery when exposed to rainwater does not render it hazardous.").

ipate."[5] To recover, therefore, Smith must prove more than a wet ramp — she must show that the ramp was hazardous and that the hospital had superior knowledge of the hazard.[6]

Smith presented no competent evidence to satisfy this burden. Although she testified that she *thought* the ramp was more slippery than regular pavement because it *appeared* to be freshly painted, she did not support her belief with any proof. Mere speculation about the ramp's condition cannot defeat summary judgment.[7] Furthermore, the hospital offered unrebutted evidence that the ramp was treated with a nonslip safety coating, and Smith does not point to any evidence of prior falls on the ramp.

On appeal, Smith claims that a "combination" of the ramp's slick surface, its sloped sides, and its location, which required her to step from the sidewalk onto the ramp, presented a hazard about which she lacked knowledge. To support this argument, she cites our decision in *Flournoy v. Hosp. Auth. of Houston County*,[8] another case involving a fall on a wet access ramp. The *Flournoy* plaintiff offered expert testimony that the ramp's excessive slope and worn surface were hazardous. Given this evidence, a question of fact remained as to whether the plaintiff had equal knowledge of the hazard allegedly posed by "a combination of the slope of the ramp, the fact that the non-skid coating had worn down, and the fact that the ramp was wet."[9]

Again, however, Smith presented no evidence that the ramp's sloped sides and nonskid surface were hazardous or contributed to her fall. The record shows only that she stepped on a wet ramp — a nonhazardous condition.[10] Moreover, even if the entranceway design could be considered hazardous, Smith saw the ramp before she stepped on it, knew that it was sloped, and knew that it was wet. She nevertheless chose to negotiate the "hazard" and thus "assume[d] the risk as to the known condition by voluntarily acting in the face of

---

[5] (Punctuation omitted.) Id. See also *Mansell v. Starr Enterprises/Texaco*, 256 Ga. App. 257, 258-259 (568 SE2d 145) (2002) (plaintiffs in " 'rainy day' " slip and fall cases " 'are charged with equal knowledge that water is apt to be found in any area frequented by people coming in from the rain outside' ").

[6] See *Cohen*, supra.

[7] See *Mansell*, supra at 259 (testimony that husband thought wife fell on petroleum residue at gas station insufficient to preclude summary judgment in slip and fall case because "speculation which raises merely a conjecture or possibility is not sufficient to create even an inference of fact for consideration on summary judgment") (punctuation omitted); *Cohen*, supra (slip and fall plaintiff cannot avoid summary judgment through inferences based on conjecture).

[8] 232 Ga. App. 791 (504 SE2d 198) (1998).

[9] Id. at 792-793.

[10] See *Cohen*, supra.

such knowledge."[11] Accordingly, the trial court erred in denying the hospital's summary judgment motion.[12]

*Judgment reversed. Smith, C. J., and Miller, J., concur.*

DECIDED APRIL 16, 2003.

*Jennings, Sparwath & Satcher, Stephen H. Sparwath,* for appellant.

*Burnette & Driggers, G. Samuel Burnette, Benjamin D. Driggers,* for appellee.

---

[11] *Gray v. Oliver,* 242 Ga. App. 533, 535 (1) (530 SE2d 241) (2000).

[12] See id.; *Cohen,* supra. Cf. *Flournoy,* supra; *Hardeman v. Spires,* 232 Ga. App. 694, 695 (503 SE2d 588) (1998) (factual question remained regarding defendant's superior knowledge of hazard presented by slippery wet tiles on defendant's front porch because person who installed tiles warned defendant that tile surface would become slick when wet and informed defendant about a prior fall); *Metromedia Steakhouses Co. v. Ray,* 219 Ga. App. 716, 717-718 (2) (466 SE2d 618) (1995) (plaintiff who fell on wet access ramp presented sufficient evidence of hazard; evidence included testimony regarding prior rainy day fall); *Stephens v. Ernie's Steakhouse &c.,* 215 Ga. App. 166, 167 (1) (450 SE2d 275) (1994) (evidence that proprietor knew or should have known that silicone paint chosen for handicap ramp would make ramp slippery when wet created factual question regarding proprietor's superior knowledge of hazard presented by wet ramp).