## A05A2048. GIBSON et al. v. SYMBION, INC.

(627 SE2d 84)

ANDREWS, Presiding Judge.

Evelyn M. Gibson and her husband[1] appeal from the trial court's grant of summary judgment to Symbion, Inc. d/b/a Premier Surgery Center (Symbion), on Gibson's claim for damages resulting from a slip and fall on Symbion's premises.

In reviewing a grant of summary judgment pursuant to *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), this Court conducts a de novo review of the law and the evidence, *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997), giving the opposing party the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Clark v. Cauthen*, 239 Ga. App. 226, 227 (1) (520 SE2d 477) (1999). If a defendant who does not bear the burden of proof at trial demonstrates that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case, the burden shifts to the nonmoving party to point out specific evidence giving rise to a triable issue. *Lau's Corp.*, supra.

So viewed, the evidence was that, on May 22, 2001, Gibson's nephew was having surgery at the Symbion clinic at 7:00 a.m., and Gibson went to be with him and his mother. On her way, she stopped at McDonald's and got a biscuit and a small cup of coffee to take with her and proceeded to the parking lot of Symbion. This was her first visit there. After parking her car in the rear of the facility, Gibson walked across the lot toward the sidewalk. At the end of the sidewalk was a small dumpster into which she placed some trash before walking down the sidewalk. Gibson, wearing sandals with straps and backs on them, walked down the sidewalk carrying her sack and cup of coffee. Gibson described the lighting conditions as "[i]t wasn't dark, but it wasn't light yet either."

In the photographs of the rear of the clinic, as identified by Gibson, there is an exit from the building with a handicap ramp extending from the building onto the sidewalk, which also has a handicap ramp onto the edge of the parking lot. This exit is between the dumpster and the handicap ramp from the parking lot which goes to the building's entrance. Gibson acknowledged that she passed that exit ramp on her way to the entrance.

As she walked toward the entrance, Gibson approached the handicap ramp to the parking lot and, as she stated, "when you're walking . . . [y]ou can't see that it drops from that angle. So when I got

---

[1] T. D. Gibson's claim was for loss of consortium.

there, my foot went out from underneath me, and I fell." She further said that, while walking, she was "just looking ahead" and "I didn't see that slope."

By law, the owner or occupier of premises owes a duty to exercise ordinary care in keeping the approaches and premises safe for invitees. OCGA § 51-3-1. Even so, a property owner is not an insurer of an invitee's safety. See *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (493 SE2d 403) (1997). In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a property owner or proprietor. *Emory Univ. v. Smith*, 260 Ga. App. 900, 901 (581 SE2d 405) (2003). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an *unreasonable risk* of harm. Recovery is allowed only when the proprietor had knowledge and the invitee did not." (Emphasis in original.) Id.

The threshold issue is whether there is any evidence of a condition that would subject an invitee to an unreasonable risk of injury. Here, the record is devoid of any evidence to show that the handicap ramp was improperly designed or constructed. *Emory Univ. v. Smith*, supra at 902; see *Garrett v. Hanes*, 273 Ga. App. 894, 895 (616 SE2d 202) (2005); *Tillman v. Winn-Dixie Stores*, 241 Ga. App. 245, 246 (526 SE2d 146) (1999).

Therefore, on the record before us, this is one of those cases where the evidence is plain, palpable, and undisputed, entitling Symbion to summary judgment. *Cohen v. Target Corp.*, 256 Ga. App. 91, 93 (567 SE2d 733) (2002).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

Decided January 31, 2006 —
Reconsideration denied February 23, 2006.

*Edward E. Boshears*, for appellants.
*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Bradley J. Watkins*, for appellee.