A05A2063. FORD v. BANK OF AMERICA CORPORATION.
(627 SE2d 376)

BARNES, Judge.

Hazel Ford appeals the trial court's grant of summary judgment to Bank of America Corporation on her complaint for damages resulting from a slip and fall. For the reasons that follow, we affirm.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City, Inc.*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

In this case, we first note that although Ford cites a number of facts to support her argument, these facts are not supported by citations to the record. Court of Appeals Rule 25 (c) (3) mandates that each enumerated error must be supported in the brief by specific reference to the record or transcript. The burden is on the party asserting error to show it affirmatively in the record, and we will not cull the record on appellant's behalf. *Williams v. Resurgens and Affiliated Orthopaedists*, 267 Ga. App. 578, 579 (1) (600 SE2d 378) (2004).

> Nevertheless, this Court has discretion to consider the merits of an appeal even though a party has not complied with these rules. We exercise our discretion to consider the merits

of this appeal because the record is small, [the appellee's] brief covers most of the inadequacy in appellant's brief, the error enumerated is evident, and [the appellee] has not moved to dismiss the appeal.

(Footnotes omitted.) *Beman v. Kmart Corp.*, 232 Ga. App. 219, 220 (1) (501 SE2d 580) (1998).

Construing the evidence in the light most favorable to Ford, the record reveals that Ford entered the bank, located inside a grocery store, to order some new checks on July 17, 2003. She had been in the bank many times, and it was not configured any differently that day. She backed up to an office chair with wheels, and as she started to sit down, the chair "just went out from under" her. She fell to the floor and suffered a broken wrist, a vertebral compression fracture, and a chipped tooth. When asked if she realized that the chair had wheels on it before she sat down, Ford responded, "I don't know if I did or not," but she admitted that she had sat in "those chairs before in the banking center," that she had sat in chairs with wheels before, and that nothing obstructed the chair wheels from her view. When asked if there was anything on the floor that caused the chair to slip out from under her, Ford responded, "I didn't see it." Finally, when asked if the chair was defective, she said, "I don't know. Not to my knowledge. I did not examine it."

Proof of an injury, without more, is not enough to establish a proprietor's liability. *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 316 (491 SE2d 517) (1997). "[T]o recover for injuries sustained in a slip and fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner or occupier." *Hudson v. J. H. Harvey Co.*, 244 Ga. App. 479, 480 (536 SE2d 172) (2000). Without first establishing that a dangerous condition existed, the plaintiff cannot establish that the defendant knew about the danger and therefore cannot recover. *Metts v. Wal-Mart Stores*, 269 Ga. App. 366, 367 (604 SE2d 235) (2004); *Cohen v. Target Corp.*, 256 Ga. App. 91, 92-93 (567 SE2d 733) (2002).

In this case, Ford has failed to establish the existence of a dangerous condition, but merely asserts that "a chair with wheels on a slick, tile floor can certainly be a dangerous condition, and sub judice, did constitute a dangerous condition when [Ford] attempted to negotiate sitting in the chair." Merely stating that a condition is dangerous does not constitute evidence that it is so. *Carroll v. Ga. Power Co.*, 240 Ga. App. 442, 443 (1) (523 SE2d 896) (1999). Although the bank pointed out in its motion for summary judgment the lack of evidence on this point, Ford did not submit competent evidence that

the chair was defective or hazardous. She proffered no expert testimony that the chair was hazardous, nor did she point to any rule or regulation allegedly violated by the chair, but simply testified that the chair was defective because it slid out from under her.

"Proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence." (Citations and punctuation omitted.) *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990). Accordingly, the trial court did not err in granting summary judgment to the bank.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED FEBRUARY 1, 2006 —
RECONSIDERATION DENIED FEBRUARY 22, 2006 —

*Michael J. Kramer*, for appellant.
*Parker, Hudson, Rainer & Dobbs, Cinnamon V. Davis*, for appellee.