A07A1824. DEPARTMENT OF PUBLIC SAFETY v. DAVIS et al.
(656 SE2d 178)

BARNES, Chief Judge.

While driving his police car, State Trooper Phillips rear-ended a stopped pickup truck driven by Pamela Davis, a rural mail carrier. Phillips had been "running radar" to catch speeders, using Davis's truck as a cover to check oncoming traffic, a technique known as "blocking." When he hit Davis, she had stopped her truck, which had a strobe light flashing on top of it, and she was waiting for traffic to clear before making a left-hand turn. Despite the flashing strobe light, the trooper did not notice when Davis began slowing and by the time he realized she had stopped, he was unable to avoid hitting her at 50 to 60 mph. Davis sued the Department of Public Safety ("DPS") for personal injuries, and DPS moved for summary judgment on the ground of sovereign immunity. The trial court denied the motion, and this court granted DPS's application for interlocutory appeal. For the reasons that follow, we affirm.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Wachovia Bank v. Moody Bible Institute of Chicago*, 283 Ga. App. 488, 489 (642 SE2d 118) (2007).

DPS contends that this collision does not fall within the Georgia Tort Claims Act's waiver of sovereign immunity. Under OCGA § 50-21-23 (a), the State waives its sovereign immunity for the torts of state employees acting within the scope of their employment, subject to certain exceptions. One of those exceptions is that the State is not liable "for losses resulting from . . . the failure to provide, or the method of providing, law enforcement, police, or fire protection." OCGA § 50-21-24 (6).

The Supreme Court of Georgia analyzed this exception in *Ga. Forestry Comm. v. Canady*, 280 Ga. 825 (632 SE2d 105) (2006), holding that the State is immune from suit regarding employee actions taken while making or implementing law enforcement policy

decisions.[1] The plaintiff in *Canady* contended, among other things, that the Georgia Forestry Commission was negligent in failing to notify other governmental agencies that smoke from a controlled burn might obscure visibility on a state highway. In *Ga. Forestry Comm. v. Canady*, 274 Ga. App. 556 (617 SE2d 569) (2005), this court held that the failure to give notice of reduced visibility did not constitute "fire protection," and therefore sovereign immunity was waived, thus affirming the trial court's denial of summary judgment to the Forestry Commission. Id. at 562 (3).

The Supreme Court granted certiorari and reversed that portion of the opinion. It reviewed four Court of Appeals cases addressing the statute with regard to the method of providing law enforcement or fire protection and concluded that this court had improperly construed "method" to mean "a way of doing anything." (Citation and punctuation omitted.) *Canady*, 280 Ga. at 826-827. This construction interpreted the provision so broadly that the State would be immune from liability whenever the act in question was committed by any law enforcement employee acting within the scope of employment. According to the Court, such a result did not promote the legislative intent of striking a balance between strict application of sovereign immunity and limiting the exposure of the state treasury to tort liability, as required by OCGA § 50-21-21.

Instead, the Supreme Court adopted the view that " 'method' connotes an orderly procedure or process," and OCGA § 50-21-24 (6) authorized the application of sovereign immunity to not only the making of policy decisions but their implementation as well. *Canady*, 280 Ga. at 827.

The Court described the implementation of policy decisions

> [as] a "second-tier" of decisions made by state employees and officers . . . in response to a need for the immediate provision of police, law enforcement, or fire protection services. These latter decisions set out the procedure or process for providing the necessary services — the mode, plan, design, or system to be used to provide the service. . . . [T]hese "second-tier" decisions, based on professional standards, expertise, and training, set forth methods of providing the police, law enforcement, or fire protection services in response to immediate needs and receive sovereign immunity pursuant to subsection (6).

---

[1] While *Canady* involved fire protection services, the analysis applies also to law enforcement services.

(Emphasis omitted.) *Canady*, 280 Ga. at 829. This construction of the statute protects "the policy-making decisions of the executive branches of government from judicial review" by insulating them from both "a direct attack on the making of the policy" and "an indirect attack via a lawsuit" based on a state employee's negligence in enforcing the law pursuant to policy. Id. at 830. In other words, "negligent acts of employees acting pursuant to policy would be subject to the application of sovereign immunity while negligent acts of employees not acting pursuant to policy would not." Id. at 830, n. 2.

In this case, DPS filed the affidavit of a captain in which he stated that DPS policies authorized state troopers to enforce the speed limit on state highways, and that one authorized method of enforcing the speed limit was to use moving radar to catch suspected violators. Therefore, DPS contends, since Trooper Phillips was executing his law enforcement duty to enforce the speed limit using the method of moving radar, DPS is immune from suit. But the record also contains evidence that the State Patrol Crash Review Board found that the accident was preventable and that Trooper Phillips did not operate his car "in a manner consistent with policy and training." Basically, he followed too closely and did not pay attention. This is not a policy decision, but rather simple, preventable negligence. Accordingly, the trial court's order denying summary judgment to DPS is affirmed.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED DECEMBER 14, 2007 

*Thurbert E. Baker, Attorney General, Robert L. Bunner, Assistant Attorney General*, for appellant.

*Zipperer, Lorberbaum & Beauvais, Ralph R. Lorberbaum, Paul H. Felser*, for appellees.