A11A0520. FLEMING et al. v. HARBOURNE et al.
(713 SE2d 466)

BARNES, Presiding Judge.

Harbor Construction Company, Inc. entered into a "Teaming Agreement" with I. L. Fleming, Inc. to perform federal construction projects. Fleming did not pay one of its subcontractors $203,800, and the subcontractor obtained payment under a surety bond guaranteed by Harbor and its principals, R. C. Harbourne and Emma Harbourne (collectively, "Harbor"). Harbor reimbursed the surety company and then sued I. L. Fleming, Inc. and two individual defendants, I. L.

---

Fleming and Cheryl A. Fleming (collectively, "Fleming") for repayment of the bond under the parties' indemnity agreement, and for "interest, attorney[ ] fees, costs, and other damages as provided by law."[1] In a cryptic order drafted by Harbor, the trial court granted summary judgment to Harbor for $203,800, then provided that "the payments of [Fleming] are applied in toto to Count 1 as [Fleming] urged." The court also awarded attorney fees of $20,405 and interest of $17,369, "plus $3.33 a day from June 2, 2009 until satisfied." Fleming appeals, and for the reasons that follow, we reverse.

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006). Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

1. On page ten of its brief, Harbor now concedes that Fleming has repaid Harbor the principal sum of $203,800, a fact his attorney also "consented to" in the trial court, but only after the trial court issued its first order in November 2009 granting summary judgment to Harbor for $115,500.[2] Until that concession, Harbor argued that, while Fleming had paid $203,800, of those payments only three checks totaling $88,300 listed R. C. Harbourne personally as a payee, and Mr. Harbourne was the party seeking relief in the complaint. Because Mr. Harbourne was the named plaintiff, he argued, any payments Fleming had made only to Harbor, Inc. or Emma Harbourne did not apply to this debt, and Fleming still owed him $115,500. In an affidavit, however, Fleming's attorney asserts that all of Fleming's payments were intended to apply to the bond repayment issue.

Harbor having conceded that Fleming does not owe anything more to Harbor, Inc. or its principals on their claim for $203,800, the trial court erred in finding the defendants jointly and severally liable for this sum. While the court also found that "the payments of [Fleming] are applied in toto to Count 1," the judgment on its face does not explain what that means or make it clear that Fleming has paid the entire principal sum; further, if Fleming had paid Harbor all the money it sought on this claim, then Harbor was not entitled to a judgment for that amount. Accordingly, the trial court erred in

---

[1] Harbor also sued Fleming for its share of profits from ten construction contracts, but dismissed those claims after the parties participated in binding arbitration.

[2] The trial court set aside its first order upon Fleming's representation that it had not received a copy of the order and did not know it had been issued until after the time to bring an appeal had expired.

granting summary judgment to Harbor.

2. It follows that the trial court also erred in granting Harbor $17,369.04 in interest, "plus $3.33 per day from June 2, 2009 until satisfied." Given Harbor's concession that Fleming has paid the principal sum, the provision in the judgment for continuing interest is error. Further, the order includes no information about how the court arrived at these sums. It does not indicate the rate of interest applied, the amount of principal on which the interest was calculated, or the date on which interest began running. Finally, Harbor concedes that a review of the cases Fleming cited in its appellate brief regarding "interest on interest" was sufficient to cause it "to abandon any such claim, rather than burden this Honorable Court with large arguments as to trifling sums." Harbor then states it does not renounce its claim "to interest accrued prior to full payment of the $203,800, in issue, as calculated by" the trial court's order, and which it contends is available at the legal rate under OCGA § 9-12-10.

OCGA § 9-12-10 forbids post-judgment interest on anything except the principal or original debt. *Dept. of Transp. v. Consolidated Equities Corp.*, 181 Ga. App. 672, 677 (353 SE2d 603) (1987). The statute does not address pre-judgment interest, and Harbor has not explained the basis for a pre-judgment interest award. As this court cannot determine how the trial court calculated the interest purportedly due, nor the worth of the interest claim Harbor has now abandoned, we reverse the grant of summary judgment as to interest owed.

3. Absent a judgment on the principal, Harbor is not entitled to an award of attorney fees under OCGA § 13-1-11. In the trial court's first judgment, later set aside, it awarded "reasonable attorney[ ] fees in the amount of $20,405 (15% of first $500 and 10% of the remainder)," which is the percentage of the debt which OCGA § 13-1-11 (a) (2) construes as constituting "reasonable fees." The amended final judgment simply awarded $20,405 without further explanation.

Harbor argues that OCGA § 13-1-11 does not apply, and therefore it was not required to give Fleming notice that it had ten days to pay the principal and avoid an assessment of attorney fees. Pretermitting whether OCGA § 13-1-11 applies, absent a judgment on the principal amount, Harbor is not entitled to an award of $20,405 attorney fees under the surety agreement or the indemnity contract. We make no ruling on whether Harbor may be entitled to attorney fees for bringing this action and litigating until the principal was paid.

We note that in pleadings filed in the trial court and this court, Harbor asserts, without support from the record before us, that

Fleming "stole" the money due the subcontractor and posits that the statute was designed to protect debtors, not "thieves." Under the Georgia Rules of Professional Conduct, lawyers have a duty to raise only meritorious claims and contentions (Rule 3.1 of Bar Rule 4-102) and to act with fairness toward the opposing party (Rule 3.4 of Bar Rule 4-102), rules which reflect that an attorney should act with professional courtesy and not resort to hyperbole unsupported by the record. Such invective, while colorful, does nothing to further the legal argument being presented and is not helpful to the court.

*Judgment reversed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 30, 2011.

*Wiseman, Blackburn & Futrell, James B. Blackburn*, for appellants.

*Jones, Osteen, Jones & Arnold, G. Brinson Williams, Jr.*, for appellees.